**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MARK ANTHONY BAIAMONTE (#101123), *

Plaintiff *

v. * C.A. 02-3567

JAMES JANECKA, Warden of the George W. Hill *
Correctional Facility, et al.
*
Defendants
*

* * * * * *** * * * * *

## MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS DRYDEN AND RUARK TO DISMISS

Defendants Catherine D. Dryden, Commissioner of the District Court of Maryland in District 2 (Wicomico County, Maryland), and Davis R. Ruark, State's Attorney of Wicomico County, Maryland, by their attorneys, J. Joseph Curran, Jr., Attorney General of Maryland, and Julia M. Andrew, Assistant Attorney General, submits this memorandum in support of their motion to dismiss.

## STATEMENT OF FACTS

In his complaint, Plaintiff Mark Anthony Baiamonte (hereinafter "Baiamonte") asserts that he is being unlawfully detained in the correctional facility in Pennsylvania because of criminal charges filed against him in the State of Maryland for which he has not been brought before the Maryland court to answer. He asks this Court to order a written apology to each member of his family and to award him compensatory damages of $10,000 per day per defendant for the time he has been confined, plus medical benefits for life and costs of the proceeding.

Charges for theft over $300 were filed against Baiamonte on application Defendant Police

Officer M. E. Brown based on an alleged shoplifting incident at the Food Lion store in Fruitland, Maryland. A copy of the statement of charges is attached hereto as Exhibit A and a copy of the application therefor is attached hereto as Exhibit B. The statement of charges were issued by Defendant Dryden, a District Court Commissioner, pursuant to Maryland Rule 4-211(b)(1).[1] Commissioner Dryden then issued an arrest warrant for Baiamonte pursuant to Maryland Rule 4-212(d)(1).[2] A copy of the warrant is attached hereto as Exhibit C.

According to the "District Court of Maryland Criminal System Inquiry Event History Display" for Case No. 5H00019094 CR, State v. Baiamante,[3] a copy of which is attached hereto as Exhibit D, Baiamonte submitted a request to the District Court to have the warrant pursuant to which

---

[1] Maryland Rule 4-211(b)(1) provides as follows:

> (b) *Statement of charges*.- (1) *Before any arrest*.- Except as otherwise provided by statute, a judicial officer may file a statement of charges in the District Court against a defendant who has not been arrested for that offense upon written application containing an affidavit showing probable cause that the defendant committed the offense charged. If not executed by a peace officer, the affidavit shall be made and signed before a judicial officer.

[2] Maryland 4-212(d)(1) provides as follows:

> d) *Warrant - Issuance; Inspection*.- (1) *In the District Court*.- A judicial officer may, and upon request of the State's Attorney shall, issue a warrant for the arrest of the defendant, other than a corporation, upon a finding that there is probable cause to believe that the defendant committed the offense charged in the charging document and that (A) the defendant has previously failed to respond to a summons that has been personally served or a citation, or (B) there is a substantial likelihood that the defendant will not respond to a summons, or (C) the whereabouts of the defendant are unknown and the issuance of a warrant is necessary to subject the defendant to the jurisdiction of the court, or (D) the defendant is in custody for another offense, or (E) there is probable cause to believe that the defendant poses a danger to another person or to the community. A copy of the charging document shall be attached to the warrant.

[3] Baiamonte's name inadvertently was mispelled in the State court documents as "Baiamante". It is noted that this Court also mispelled Baiamonte's name as "Baimonte" in its order granting his request to proceed in forma pauperis

he was being detained in Pennsylvania in connection with the Maryland charges rescinded or to be given a speedy trial. *See* Exhibit D, entry dated December 12, 2001 (011212). The Honorable R. Scott Davis (I.D. No. 9G0) referred Baiamonte to the Interstate Agreement on Detainers and Related Matters. *See* Exhibit D, entry dated December 14, 2001. State's Attorney Davis Ruark, by letter dated February 12, 2002, responded to Baiamonte's request and advised Judge Davis that Baiamonte had been served with a Governor's Warrant in Pennsylvania, which the State's Attorney opined that District Court did not have authority to quash, and that Baiamonte could not be released to the Maryland authorities because he was awaiting trial in Pennsylvania on charges including automobile manslaughter, aggravated assault, and theft. Attached hereto as Exhibit E is a copy of that letter.

On April 11, 2002, the clerk of the District Court of Maryland in District 2, Wicomico County, received a letter from Baiamonte, a copy of which is attached hereto as Exhibit F, requesting a discharge from the Maryland case on the grounds that he had not been timely brought before the court. *See* Exhibit D, entry dated April 11, 2002. By memorandum dated April 22, 2002, a copy of which is attached hereto as Exhibit G, Judge Davis denied Baiamonte's request for dismissal of the charges and advised Baiamonte that he needed to comply with the Interstate Agreement on Detainers, a copy of which was enclosed with the memorandum along with a copy of the card indicating how to contact the Maryland Public Defender's Office if he wished to apply for representation by that office. On May 3, 2002, the Maryland District Court received a letter from Baiamonte addressed to Judge Davis alleging that he did not receive certain previously sent materials and requesting copies of several items, including a copy of the Maryland Rules of Procedure. A copy of that letter is attached hereto as Exhibit H. By memorandum dated May 15, 2002, a copy of which is attached hereto as Exhibit I, Judge Davis responded to Baiamonte's letter and advised him, *inter*

*alia*, that if his incarceration in Pennsylvania was not the result of a sentence, the previously referenced Interstate Agreement on Detainers and Related Matters would not apply.[4] Baiamonte then filed a request to have the case resolved. *See* Exhibit D, entry dated May 16, 2002. Treating Baiamonte's request for resolution as a petition to dismiss the case, the Honorable Lloyd Whitehead (I.D. No. 9H0) denied the petition. *See* Exhibit D, entry dated May 17, 2002. Baiamonte filed yet another petition for dismissal that was denied by Judge Whitehead. *See* Exhibit D, entries dated June 12, 2002 and June 13, 2002.

In his complaint, Baiamonte asserts that all defendants have unlawfully confined him, denied him bail, deprived him of freedom without due process, subjected him to unusual punishment, and caused him, by reason of his being incarcerated, to endure a beating by another inmate and to lose potential employment. Additionally, Baiamonte asserts that Defendant Commissioner Dryden (Defendant #7) issued a warrant based on an incomplete application for statement of charges filed by Defendant Officer Brown (Defendant #3) and that Defendants Commissioner Dryden and State's Attorney Ruark (Defendant #2), along with other Defendants (## 1, 3, 4, 5, 6, and 8), made no attempt to bring him before the Maryland court to answer to the charges. Baiamonte also asserts in his complaint that there was a prior habeas corpus proceeding that he instituted against Defendant Warden Janecka and the Commonwealth of Pennsylvania in the Court of Common Pleas in Deleware County, Pennsylvania (Case No. 80144-01) in which the Honorable Robert C. Wright ruled in his favor on 5-30-01 and discharged him "from matter."

---

[4] Apparently, Baiamonte's detention in connection with the Pennsylvania charges is pretrial, not the result of a sentence. *See* Exhibit E.

## ARGUMENT

### I. INTRODUCTION.

A motion to dismiss may be granted when "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Colburn v. Upper Darby Township*, 838 F. 2d 663 (3rd Cir. 1988); and *Regalbuto v. City of Philadelphia*, 997 F.Supp. 374, 376-77 (E.D.Pa. 1995). In *Colburn*, the court explained;

> The dual policy concerns of protecting state officials from a deluge of frivolous claims and providing state officials with sufficient notice of the claims asserted to enable preparation of responsive pleadings have led us to impose in section 1983 claims the additional pleading requirement that the "complaint contain a modicum of factual specificity, identifying the particular conduct of defendants that is alleged to have harmed the plaintiffs."

838 F.2d at 666.

In this case, Baiamonte's complaint contains predominantly conclusory allegations, *e.g.* that his detention is unlawful and that the defendants have deprived him of freedom without due process; the complaint does not contain the requisite "modicum of factual specificity identifying the particular conduct" of each defendant by which Baiamonte allegedly has been deprived of a federally protected right and harmed. Even assuming that the complaint contains sufficient factual specificity and construing such factual allegations as true, Plaintiff nonetheless has failed to state a claim upon which relief can be granted against Defendants Dryden and Ruark because their conduct did not constitute a "deprivation" of a federally protected right and they are entitled to immunity.

### II. THE COMPLAINT FAILS TO IDENTIFY CONDUCT OF DEFENDANTS DRYDEN OR RUARK BY WHICH PLAINTIFF HAS BEEN DEPRIVED OF A FEDERALLY PROTECTED RIGHT.

In order to state a cause of action under 42 U.S.C. §1983, a plaintiff must allege two

elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42 (1988). Mere negligence is insufficient to constitute a "deprivation" for purposes of a §1983 action. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986). In *Daniels*, the Court explained that it had "previously rejected reasoning that would 'make of the Fourteenth Amendment a font of tort law to be superimposed upon whatever system may already be administered by the States.'" 474 U.S. at 332.

With respect to Defendant Commissioner Dryden, Baiamonte asserts that she issued the arrest warrant that resulted in his detention on the basis of an incomplete application for statement of charges submitted by Defendant Officer Brown.[5] Even presuming to be true Baiamonte's assertion that the application for statement of charges was incomplete and that his detention is the result of the warrant issued by Defendant Dryden on that application, such allegations constitute no more than mere negligence. Therefore, Baiamonte's complaint fails to allege a "deprivation" of a federally protected right by conduct of Defendant Dryden.

With respect his bald allegation that all the defendants failed to take action to bring him before the Maryland court to answer to the Maryland criminal charges, Baiamonte alleges no facts to indicate what Defendant Dryden, as a District Court of Maryland commissioner, did or failed to do that contributed to Baiamonte not being brought before the Maryland court after the statement

---

[5] Actually, Baiamonte is being detained in Pennsylvania on pending Pennsylvania charges, and the Maryland warrant served on him was not the warrant issued by Defendant Commissioner Dryden, but a Governor's warrant for extradition issued pursuant to Maryland Code, Criminal Procedure, Title 9, Subtitle 1. *See* Exhibit E.

of charges was filed against him pursuant to Maryland Rules 4-211(b). With respect to Defendant State's Attorney Ruark, Baiamonte alleges no facts to indicate what the prosecutor did or failed to do that has contributed to Baiamonte not yet being brought to Maryland to answer to the charges pending against him in this State before he stands trial in Pennsylvania on the charges there pending.[6] Even assuming the sufficiency and truth of Baiamonte's conclusory allegation that the Maryland prosecutor, along with the other named defendants, failed to take action to have him brought to Maryland to answer the Maryland charges, there is nothing in the complaint to even imply that any act or omission committed by the Maryland prosecutor amounted to anything more than mere negligence.

## III. DEFENDANTS DRYDEN AND RUARK ARE ENTITLED TO IMMUNITY FROM SUIT FOR MONETARY DAMAGES.

Defendants Dryden and Ruark are entitled to judicial immunity and prosecutorial immunity respectively in this suit in which Baiamonte is seeking monetary damages of $10,000 per defendant per day of his confinement, plus medical benefits for life and costs. Additionally, the suit is barred by sovereign immunity.

Judicial officers are entitled to judicial immunity from suit for damages based on their performance of judicial acts. *Mireles v. Waco*, 502 U.S. 9 (1991); *Forrester v. White*, 484 U.S. 219,

---

[6] The Maryland Code, Criminal Procedure Article, §9-105 indicates that extradition is the responsibility of the governors of the states, not the prosecutors. Section 9-105(a) provides:

> (a) *Accused held in another state.*- When it is desired to have returned to this State a person charged in this State with a crime, and the person is imprisoned or is held under criminal proceedings then pending in another state, the Governor of this State may agree with the executive authority of the other state for the extradition of the person before the conclusion of proceedings or term of sentence in the other state, upon condition that the person be returned to the other state at the expense of this State as soon as the prosecution in this State is terminated.

227 (1988); *Stump v. Sparkman*, 435 U.S. 349 (1978); *Pierson v. Ray*, 386 U.S. 547 (1967); *Bradley v. Fisher*, 13 Wall 335, 20 L.Ed. 646 (1872). Maryland Rule 4-102(f) defines "judicial officer" as including a District Court commissioner.[7] A District Court commissioner is entitled to judicial immunity when performing judicial acts such as issuing a statement of charges on application therefor pursuant to Maryland Rule 4-211(b) and issuing a warrant for the defendant's arrest pursuant to Rule 4-212(d). *Rice v. Dunn*, 81 Md. App. 510 (1990).

Prosecutors are entitled to prosecutorial immunity from suit for damages based of their performing prosecutorial acts. *Buckley v. Fitzsimmons*, 113 S.Ct. 2406 (1993); *Burns v. Reed*, 111 S.Ct. 1934 (1991); *Imbler v. Pachtman*, 424 U.S. 409 (1975).

Unless waived by the State or properly abrogated by Congress, the Eleventh Amendment protects the State from suit in federal court against it. *Seminole Tribe v. Florida*, 517 U.S. 44 (1996). A suit against a state official in his or her official capacity is a suit against the state. *Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989); *Quern v. Jordan*, 440 U.S. 332 (1979). As stated in *Hafer v. Melo*, 502 U.S. at 27, the Court's decision in *Will v. Michigan Dept. of State Police*, "makes clear that the distinction between official-capacity suits and personal-capacity suits is more than 'a mere pleading device'" There must be a prima facie basis for the assertion that a public official acted beyond his or her authority and, thus, may be held personally liable for plaintiff's alleged injury and resultant damages. In this case, Defendants Dryden and Ruark have been sued in their official capacities in connection with the performance of their duties as District Court commissioner and State's Attorney.

---

[7] Maryland Rule 4-102(f) provides: "'Judicial Officer' means a judge or District Court commissioner."

## CONCLUSION

For the reasons stated, the Court should dismiss the complaint against Defendants Dryden and Ruark for failure to state a claim upon which relief can be granted.

Respectfully submitted,

J. JOSEPH CURRAN, JR.
Attorney General of Maryland

________________________________
JULIA M. ANDREW
Assistant Attorney General
200 St. Paul Place
Baltimore, Maryland 21202
(410) 576-7292