**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Baiamonte, Mark Anthony** | : | Civil Action |
|     **Plaintiff** | : | #02-CV-3567 |
| | : | |
|     vs. | : | **JURY TRIAL DEMANDED** |
| | : | |
| **James Janecka, Davis R. Ruark, Matthew E. Brown, George W. Hill Correctional Facility, Office of the District Attorney of Delaware County, Jane & John Doe's, C. D. Drydon and Food Lion** | : : : : : | |
|     **Defendants** | | |

## MOTION OF DEFENDANT, OFFICE OF THE DISTRICT ATTORNEY OF DELAWARE COUNTY, TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, the Office of District Attorney of Delaware County, by and through it counsel, Robert P. DiDomenicis, Esquire, hereby moves this Honorable Court to dismiss Plaintiff's Complaint and, in support thereof, avers the following:

1. Plaintiff's Complaint against the Office of the District Attorney of Delaware County alleges merely that the Defendant failed to bring Plaintiff to "justice and/or denied justice."

2. Plaintiff's Complaint fails to state a claim upon which relief can be granted against the Moving Defendant as it fails to identify a violation of the Constitution or Plaintiff's civil rights and the Moving Defendant is entitled to prosecutorial immunity.

**WHEREFORE**, Moving Defendant respectfully requests that Plaintiff's Complaint be dismissed.

Respectfully Submitted,

**HOLSTEN & ASSOCIATES**

BY: _____
**ROBERT P. DIDOMENICIS, ESQUIRE**
**Attorney for Defendant, Office of**
**District Attorney**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Baiamonte, Mark Anthony** | : | Civil Action |
| Plaintiff | : | #02-CV-3567 |
| | : | |
| vs. | : | JURY TRIAL DEMANDED |
| | : | |
| **James Janecka, Davis R. Ruark, Matthew** | : | |
| **E. Brown, George W. Hill Correctional** | : | |
| **Facility, Office of the District Attorney of** | : | |
| **Delaware County, Jane & John Doe's,** | : | |
| **C. D. Drydon and Food Lion** | : | |
| Defendants | | |

### MEMORANDUM OF LAW OF MOVING DEFENDANT, OFFICE OF THE DISTRICT ATTORNEY OF DELAWARE COUNTY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**I.   FACTS**

On August 21, 2000, a criminal Complaint was sworn out against the Plaintiff by Pennsylvania State Trooper John E. Stewart, Jr., alleging Plaintiff committed the crimes of retail theft, receiving stolen property and criminal conspiracy (retail theft). (See Criminal Complaint and Affidavit of Probable Cause attached as Exhibit "A"). It was subsequently learned that Plaintiff was detained in Philadelphia on other charges and he was eventually released to the custody of Trooper Stewart on January 29, 2001. (See Report of Trooper Stewart dated 1/30/01 and attached as Exhibit "B").  On that same date, he was arraigned on the aforesaid charges and failing to post bond he was committed to Delaware County Prison. Subsequently, Plaintiff entered a guilty plea on May 30, 2001 to one of the aforesaid charges.  Following said plea Plaintiff was sentenced to 8 months to 23 months in prison.  (See the docket of Delaware County Court of Common Pleas Court #00-5647 and the Imposition of Judgment of Sentence attached as Exhibit "C" and "D", respectively).

**II.   STANDARD OF REVIEW**

The Federal Rules of Civil Procedure provide the right to dismiss for failure of the pleading to "… state a claim upon which relief can be granted…"  F.R.C.P. 12(b)(6).  The purpose of a Motion to Dismiss pursuant to the aforesaid Rule is to test the legal sufficiency of Plaintiff's Complaint.  Sturm vs.

<u>Clark</u>, 835 F.2d 1009, 1011 (3rd Cir 1987). In determining whether to grant a Motion to Dismiss under this Rule, the court must accept "as true the facts alleged in the Complaint and all reasonable inferences that can be drawn from them." <u>Unger vs. National Residence Matching Program</u>, 928 F.2d 1392, 1394-95 (3rd Cir. 1991).

The Complaint in an action brought pursuant to 42 U.S.C. §1983 must contain a modicum of specificity, identifying particular conduct of the Defendant that is alleged to have harmed the Plaintiff. <u>Ross vs. Meagan</u>, 638 F.2d 646, 650 (3rd Cir. 1981). While the Court will accept well pleaded allegations as true for the purpose of the Motion "a Court need not credit a Complaint's bald assertions or legal conclusions when deciding a Motion to Dismiss." <u>Morse vs. Lower Merion School District</u>, 132 F.3d 902, 906 (3rd Cir. 1987). (citations omitted). Accordingly, in ruling upon a Motion under F.R.C.P. 12(b)(6), the Courts consistently reject "legal conclusions", "unsupported conclusions", "unwarranted inferences", "unwarranted deductions", or "sweeping legal conclusions cast in the form of factual allegations." Id. at 906(n)(8) (citing in support <u>Charles Allen Wright and Arthur R. Miller</u>, Federal Practice and Procedures §1357 (2nd Edition 1997).

**III.   ARGUMENT**

   **A.   The Office Of The District Attorney Of Delaware County Is Immune From Liability.**

It is long been held that a prosecutor enjoys the same absolute immunity against claims under 42 U.S.C. §1983 as he or she did at common law. <u>Imbler vs. Pachtman</u>, 424 U.S. 409, 427 (1976). The Court addressed this immunity issue as follows:

> The common law immunity of a prosecutor is based upon the same considerations that underlie the common law immunities of Judges and grant jurors acting within the scope of their duties. These include concern that harassment by unfounded litigation caused a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust. (424 U.S. 422, 423).

Clearly, the allegation in Plaintiff's Complaint that the Office of the District Attorney of Delaware County would not bring Plaintiff to justice or deny him justice, although false, fails to penetrate

the veil of immunity which the Office of the District Attorney of Delaware County enjoys. For these reasons, Plaintiff's Complaint must be dismissed.

**B.     Plaintiff's Complaint Fails To Allege A Violation Of A Constitutional Right To Which 42 U.S.C. §1983 Applies.**

When proceeding pursuant to 42 U.S.C. §1983, Plaintiff must establish, among other things, that the conduct of the Defendant deprived him of a federally guaranteed right under the laws or constitution of the United States. West vs. Atkins, 487 U.S. 42 (1988). A review of Plaintiff's Complaint reveals that it provides no basis for the allegation made against the Office of the District Attorney and, further, the allegation itself does not establish that a federally guaranteed right was violated. In this respect, Plaintiff's Complaint is woefully deficient and cannot withstand the scrutiny required under F.R.C.P. 12(b)(6). Plaintiff's Complaint fails to allege any basis for the conclusion that the Office of the District Attorney of Delaware County fail to bring him to justice. It is also clear based upon the Court docket that such a statement would be untrue. Accordingly, no basis exists upon which Plaintiff can allege that a constitutional right was violated by the Moving Defendant.

For these reasons, Plaintiff's Complaint fails to state a claim upon which relief can be granted against the Office of the District Attorney of Delaware County.

**IV.    CONCLUSION**

For the reasons set forth above, the Moving Defendant, the Office of the District Attorney of Delaware County, respectfully requests that Plaintiff's Complaint be dismissed with prejudice.

Respectfully Submitted,

**HOLSTEN & ASSOCIATES**

BY: _____
**ROBERT P. DIDOMENICIS, ESQUIRE**
**Attorney for Defendant, Office of the**
**District Attorney of Delaware County**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Baiamonte, Mark Anthony** | : | Civil Action |
| Plaintiff | : | #02-CV-3567 |
| vs. | : | **JURY TRIAL DEMANDED** |
| **James Janecka, Davis R. Ruark, Matthew E. Brown, George W. Hill Correctional Facility, Office of the District Attorney of Delaware County, Jane & John Doe's, C. D. Drydon and Food Lion** | : : : : : | |
| Defendants | | |

## CERTIFICATE OF SERVICE

I, Robert P. DiDomenicis, Esquire, attorney for Defendant, Office of the District Attorney of Delaware County, hereby state that a true and correct copy of Defendant, Office of the District Attorney's Motion to Dismiss Plaintiff's Complaint with accompanying Memorandum of Law has been filed with the Court and copies of same have been sent to the following individual(s) by regular first class mail on the date listed below:

Mark Anthony Baiamonte
c/o Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219
*Pro Se Plaintiff*

Julia M. Andrew, Assistant Att'y General
200 St. Paul Place
Baltimore, MD 21202
Attorney for Defendants, James Janecka,
Davis R. Ruark and C.D. Drydon

Matthew E. Brown
c/o 401 E. Main Street
P.O. Drawer F
Fruitland, MD 21826-0120

George W. Hill Correctional Facility
P.O. Box 23-A
Thornton, PA 19373

Marco P. DiFlorio, Esquire

**Rawle & Henderson, LLP**
Ten Lake Center Executive Pk
Suite 204
401 Route 73 North
Marlton, NJ 08053
Attorney for Food Lion

                                          **Respectfully Submitted,**

                                          **HOLSTEN & ASSOCIATES**

                    **BY:** _____
                                  **ROBERT P. DIDOMENICIS, ESQUIRE**
                                  **Attorney for Defendant**
                                  **Office of the District Attorney of**
                                  **Delaware County**

**Date:** __11/4/02__