IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK A. BAIAMONTE** | : | **NO. 02-3567** |
| | : | |
| **v.** | : | |
| | : | |
| **JAMES JANECKA et. al** | : | |
| | : | |

## NOTICE OF MOTION

To:    Mark A. Baiamonte
       18 Stratton Avenue
       Bordentown N.J. 08505

       You are hereby notified on this 26th day of November, 2002 that the attached **Motion to Dismiss** pursuant to Federal Rule of Civil Procedure 12(b)(6) is being filed with the Court. According to Local Rule 7.1(c), if you wish to oppose said Motion, you must serve a Brief in Opposition, together with such Answer or other response, within fourteen (14) days after service of the enclosed Motion.  In the absence of a timely response, the Motion may be treated as uncontested.

       Respectfully submitted,

       **DIORIO & SERENI, LLP**

Date: November 26, 2002       By: _____

       **ROBERT M. DIORIO**
       Attorney I.D. No.:  17838
       **CHRISTOPHER R. MATTOX**
       Attorney I.D. No.:  65874
       Front & Plum Streets
       P.O. Box 1789
       Media, Pa.   19063
       (610) 565-5700
       Attorneys for Defendant, George W. Hill
       Correctional Facility

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**MARK A. BAIAMONTE**                  :                          **NO. 02-3567**

    **V.**

                                :

**JAMES JANECKA et. al**              :


<u>**ORDER**</u>

       AND NOW, to wit this _____ day of _____, 2002, upon due

consideration of Defendants, James Janecka and George W. Hill Correctional Facility's Motion to

Dismiss and any response thereto, it is hereby ORDERED and DECREED that said Motion is granted

and Plaintiff's Complaint is dismissed with prejudice.


                          BY THE COURT:


                          _____

                          **ANITA B. BRODY, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK A. BAIAMONTE** | : | **NO. 02-3567** |
| | : | |
| **v.** | : | |
| | : | |
| **JAMES JANECKA et. al** | : | |
| | : | |

## DEFENDANTS, JAMES JANECKA AND "GEORGE W. HILL CORRECTIONAL FACILITY'S" MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants, James Janecka and "George W. Hill Correctional Facility", by and through its attorneys, Robert M. DiOrio and Christopher R. Mattox, hereby move to dismiss the Plaintiff's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) and in support thereof, aver as follows:

1.    Plaintiff, Mark A. Baiamonte, Pro Se, has filed a Complaint in the above matter.  A true and correct copy of the Plaintiff's Complaint is attached hereto, made a part hereof and marked as **Exhibit "A"**.)

2.    Plaintiff's Complaint is deficient because it fails to state what claim(s) the Plaintiff asserts against the Defendants:  It fails to state any facts which could be construed as stating claim(s) against these Defendants; Additionally, the George W. Hill Correctional Facility is a prison and therefore not a person amenable to suit under §1983. (A prison is not a "person" subject to suit under the civil rights laws.  *Mitchell v. Chester County Farms Prison,* 426 F.Supp. 271 (E.D.Pa.1976); *see also Brooks v. Pembroke City Jail,* 722 F.Supp. 1294, 1301

(E.D.N.C.1989).)

3. A mere inspection of the Plaintiff's Complaint, even if liberally construed in favor of the Plaintiff, does not meet even the minimal requirements of a short, plain statement pursuant to Federal Rule of Civil Procedure 8.

4. Complaints filed by *pro se* litigants are held to a less stringent standard than those drawn by legal counsel. *See Haines v. Kerner,* 404 U.S. 519 (1972). All complaints, however, must satisfy the minimal pleading requirements of the Federal Rules of Civil Procedure, which require that a pleading contain "a short plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a); *see also King v. Fayette County,* 92 F.R.D. 457, 458 (W.D. Pa.1981) (stating that while a *pro se* plaintiff "is entitled to some leeway in meeting the formal pleading requirements of the Federal Rules, there is a limit to the indulgence of the law and resulting imposition on the defendants"). If plaintiff's complaint fails to meet the minimal pleading requirements under the Rules, federal courts lack subject matter jurisdiction over the complaint. *See Neitzke v. Williams,* 490 U.S. 319, 327 n.6 (1989) (stating that patently insubstantial complaints may be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1)). Further, a district court may dismiss a complaint *sua sponte* for lack of subject matter jurisdiction. *See Garrett v. Zavodnick,* No. 88-5477, 1988 WL 83722, at *1 n.2 (E.D. Pa. Aug. 9, 1988).

5. Defendants are entitled, pursuant to the Federal Rules, at a minimum to know what claims are being brought against them and for what reason.

6. Extrapolating from the Complaint itself and inferring an unlawful incarceration claim against the Defendants, the Plaintiff's Complaint must still be dismissed.

7.    To impose liability for violation of civil rights under §1983, the Plaintiff must establish with

particularity that the named Defendant was directly and personally involved in a deprivation of

the Plaintiff's rights. **Payton v. Vaughn**, 798 F. Supp. 258 (E.D.Pa. 1992).

8.    Further, an individual cannot be held liable under §1983 unless he caused or participated in the

alleged violation of constitutional rights; liability does not arise without a showing of direct

responsibility for alleged constitutional violations. **Flanagan v. Shively**, 73 F. Supp. 922, aff'd

980 F. 2d 722 (M.D.Pa. 1992).

9.    In the present case Defendant Janecka was merely housing an inmate for lodging pursuant to

the issuing authority, the Court of Common Pleas of Delaware County, and can in no way be

alleged to have been directly and/or personally involved in, or had any responsibility for, the

alleged constitutional violation.

10.    There is simply no nexus between the Plaintiff's claims and the actions or inactions of Defendant

Janecka.

11.    While it is unclear what the Plaintiff is specifically alleging, there can be no Eighth Amendment

liability on the part of prison officials for holding a prisoner beyond the term of his sentence in

the absence of a showing of deliberate indifference on the part of the officials to whether the

inmate suffered an unjustified deprivation of liberty. **Sample v. Diecks,** 885 F. 2d 1099. (3d

Cir. 1989).

12.    In order to establish civil rights liability on the part of prison officials who detained a prisoner

beyond the term of his sentence, the prisoner must first demonstrate that prison officials had

knowledge of the prisoner's problem and thus the risk that unwarranted punishment was being,

or would be, inflicted and must show that the official failed to act, or took only ineffectual

action, under the circumstances indicating that his or her response to the problem was a product of deliberate indifference to the prisoner's plight; the prisoner must demonstrate a causal connection between the official's response to the problem and the infliction of unjustified detention. **Id.**

13.    The circumstances relevant to determine whether the requisite deliberate indifference of prison officials exists for improper detention of a prisoner are the scope of the official's duty and the role he or she played in the every day life of the prison. **Id**.

14.    According to the foregoing it cannot be demonstrated under any circumstances that the Defendant, James Janecka, acted with deliberate indifference to the Plaintiff in faithfully executing his duties as Warden of the George W. Hill Correctional Facility by merely housing the Plaintiff pursuant to a facially valid warrant rendered by the Court of Common Pleas of Delaware County.

15.    Therefore, even if the allegations contained within the Plaintiff's Complaint are taken as true, they simply do not rise to the standard of a deprivation of his civil and/or constitutional rights.

16.    In the alternative, if this Honorable Court should not dismiss the Plaintiff's Complaint with prejudice then she should be required to file an amended complaint which would indicate what claims the Plaintiff is attempting to bring against the Defendants.

17.    The Defendants should not be required to defend this action without a proper pleading placed before this Honorable Court.

18.    Accordingly, Plaintiff's Complaint fails to state a claim upon which relief may be granted by this Honorable Court.

**WHEREFORE**, the Defendants respectfully request this Honorable Court to dismiss the

Plaintiff's Complaint with prejudice or, in the alternative, permit Plaintiff to file an amended

complaint, which complies with the minimal requirements of the Federal Rules of Civil Procedure.

Respectfully submitted,

**DIORIO AND SERENI, LLP**

**Date:** November 26, 2002          **BY:** _____

**ROBERT M. DIORIO**
I.D. No.: 17838
**CHRISTOPHER R. MATTOX**
I.D. No.:  65874
Front & Plum Streets
P.O. Box 1789
Media, Pa.  19063
(610) 565-5700
Attorneys for Defendants, James Janecka and George
W. Hill Correctional Facility

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK A. BAIAMONTE** | : | **NO. 02-3567** |
| | : | |
| **v.** | : | |
| | : | |
| **JAMES JANECKA et. al** | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS, JAMES JANECKA AND
"GEORGE W. HILL CORRECTIONAL FACILITY'S" MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

**I    ARGUMENT**

Defendants rely upon the reasoning and law stated in the foregoing Motion as support for their

Motion to Dismiss.

**II    CONCLUSION**

The Plaintiff's Complaint should be dismissed for the foregoing reasons. If this Honorable Court

should not dismiss the Plaintiff's Complaint with prejudice then he should be required to file an

amended complaint which would indicate what claims the Plaintiff is attempting to bring against the

Defendants.

Respectfully submitted,

**DIORIO & SERENI, LLP**

Date: November 26, 2002         By:  _____

**ROBERT M. DIORIO**
Attorney I.D. No.:  17838
**CHRISTOPHER R. MATTOX**
Attorney I.D. No.:  65874
Front & Plum Streets
P.O. Box 1789

Media, Pa.   19063
(610) 565-5700
Attorneys for Defendants, James Janecka and
George W. Hill Correctional Facility

FORM TO BE USED BY A PRISONER FILING A
42 U.S.C. § 1983 CIVIL RIGHTS COMPLAINT
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**I. CAPTION**

MARK ANThony BAiAMONTE
(Enter the full name of the plaintiff or
plaintiffs)

v.

① JAMES JANECKA      ④ GEORGE W. Hill CORRECTIONAL FACILITY
② DAViS R RUARK      ⑤ OFFICE of DiSTRiCT ATTORNEY, DELAWARE COUNTY, PA
③ MATTHEW E. BROWN   ⑥ JANE JOHN DOE'S INVOLVED
(Enter the full name of the defendants)
                     ⑦ C.D. DRYDON   ⑧ Food LiON

**II. PARTIES**

a. **Plaintiff**

Full name: MARK ANThony BAiAMONTE

Prison identification number: 101123

Place of present confinement: AllegHeny County JAiL

Address: 950 2ND AVE. PiTTsburG, PA   15219

Place of confinement at time of incidents or conditions alleged in
complaint, including address:                    PO Box 23-A
GEORGE W. Hill CORRECTioNAL FACiLiTY. THorTON, PA 19373

Additional plaintiffs: Provide the same information for any additional
plaintiffs on the reverse of this page or on a separate sheet of paper.

b. **Defendants:** (list only those defendants named in the caption of the
complaint, section I)

1. Full name including title: JAMES JANECKA, WARDEN
   Place of employment and section or unit: GEORGE W. HIll CORRECTiONAL FACiLiTY

2. Full name including title: DAViS R. RUARK   STATES ATTORNEY
   Place of employment and section or unit: STATES ATTORNEY'S OFFICE

3. Full name including title: MATThEW E BROWN, OFFiCER
   Place of employment and section or unit: FRUiTlANd, MARylANd

4. Full name including title: GEORGE W Hill CORRECTiONAL FACiLiTY
   Place of employment and section or unit: MEdiA, PA

Additional defendants: Provide the same information for any additional
defendants on the reverse of this page or on a separate sheet of paper.

PAGE

**EXHIBIT**
A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK A. BAIAMONTE** | : | **NO. 02-3567** |
| | : | |
| **v.** | : | |
| | : | |
| **JAMES JANECKA et. al** | : | |
| | : | |

### CERTIFICATE OF SERVICE

We, Robert M. DiOrio and Christopher R. Mattox, counsel for Defendants, James Janecka

and George W. Hill Correctional Facility, hereby certify that a true and correct copy of the foregoing

Defendant, George W. Hill Correctional Facility's Motion to Dismiss Plaintiff's Complaint and

accompanying Memorandum of Law, was served upon the following individual via U.S. First Class

Mail on November 25, 2002:

**DIORIO & SERENI, LLP**

**Dated:** November 26, 2002    **BY:** _____

**ROBERT M. DIORIO**
I.D. No.: 17838
**CHRISTOPHER R. MATTOX**
I.D. No.: 65874
Front & Plum Streets
P.O. Box 1789
Media, Pa. 19063
(610) 565-5700
Attorneys for Defendants, James Janecka and George W.
Hill Correctional Facility