UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK ANTONY BAIAMONTE<br><br>v.<br><br>MATTHEW E. BROWN and<br>JAMES JANECKA and<br>DAVIS R. RUARK and<br>FOOD LION and<br>JANE DOES and JOHN DOES and<br>GEORGE W. HILL CORRECTIONAL FACILITY,<br>and OFFICE OF THE DISTRICT ATTORNEY,<br>DELAWARE COUNTY, PENNSYLVANIA | 2:02-CV-03567 |

**O R D E R**

**AND NOW**, this ____ day of _____, 2003, upon consideration of Petition of Defendant, Officer Matthew E. Brown, to Strike the Plaintiff's Alleged Affidavit of Service Pursuant to Rule 12(B)(4) and 12(B)(5), and any response thereto, it is hereby **ORDERED** and **DECREED** that said Petiton is granted.

**FURTHERMORE**, it is **ORDERED** and **DECREED** that the Plaintiff's Affidavit of Service is **STRICKEN** from the dockets of this matter and the Plaintiff is given twenty (20) days from the date of this Order to effectuate service on Defendant, Officer Matthew E. Brown.

**BY THE COURT**:

_____
J.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK ANTONY BAIAMONTE | 2:02-CV-03567 |
| v. | |
| MATTHEW E. BROWN and<br>JAMES JANECKA and<br>DAVIS R. RUARK and<br>FOOD LION and<br>JANE DOES and JOHN DOES and<br>GEORGE W. HILL CORRECTIONAL FACILITY,<br>and OFFICE OF THE DISTRICT ATTORNEY,<br>DELAWARE COUNTY, PENNSYLVANIA | |

### O R D E R

**AND NOW**, this ____ day of_____, 2003, upon consideration of the Petition of Defendant, Officer Matthew E. Brown, to Dismiss the Plaintiff's Complaint pursuant to Rule 12(b)(6), and any response thereto, it is hereby **ORDERED** and **DECREED** that said Petition is **GRANTED**, and the Plaintiff's civil action is hereby **DISMISSED** with **PREJUDICE** against Defendant, Officer Matthew E. Brown.

**BY THE COURT**:

_____ **J.**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK ANTONY BAIAMONTE<br><br>v.<br><br>MATTHEW E. BROWN<br>    and<br>JAMES JANECKA<br>    and<br>DAVIS R. RUARK<br>    and<br>FOOD LION<br>    and<br>JANE DOES and JOHN DOES<br>    and<br>GEORGE W. HILL CORRECTIONAL FACILITY,<br>    and<br>OFFICE OF THE DISTRICT ATTORNEY,<br>DELAWARE COUNTY, PENNSYLVANIA | 2:02-CV-03567 |

**PETITION OF DEFENDANT, OFFICER MATTHEW E. BROWN,
TO STRIKE THE PLAINTIFF'S ALLEGED AFFIDAVIT OF SERVICE
PURSUANT TO RULE 12(B)(4) AND 12(B)(5)
AND MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)**

1. The instant action was filed by the Plaintiff, Mark Baiamonte, *pro se*, alleging that he was falsely accused of a crime, denied bail, deprived freedom, subjected to unusual punishment, denied justice, endured a beating by an inmate which caused bodily harm due to be incarcerated, and lost potential employment as a result of being incarcerated. *See* a true and correct copy of the Plaintiff's 42 U.S.C. § 1983 Civil Rights Complaint attached hereto as Exhibit "A."

2. On August 27, 2002, Honorable Judge Anne B. Brody entered an Order permitting the Plaintiff to proceed <u>in forma paueris</u>. This Order permitted the Plaintiff to seek a waiver of service and, if said service was not waiver, the Clerk of the Court's office shall transmit the

–1–

summons and copy of the Complaint to the U.S. Marshals Service for immediate service pursuant to Fed. R. Civ. P. 4(c)(1), along with a copy of the August 27, 2002 Order. *See* a true and correct copy of Honorable Judge Anne B. Brody's August 27, 2002 Order attached hereto as Exhibit "B."

3. On December 17, 2002, the Plaintiff filed an alleged Affidavit of Service which is attached hereto as Exhibit "C."

4. Plaintiff filed a certified mail receipt for "Mathhew E. Brown." *See* Exhibit "D."

5. The certified mail receipt, checked "yes" for restricted delivery, indicates that J. Derbyshire signed for a package directed to Officer Brown on December 2, 2002. *See* Exhibit "D."

6. Officer Brown did not sign for the restricted delivery certified mail. *See* Exhibit "D."

7. An Affidavit has been sent to Officer Brown and once signed it will be supplemented to this Motion. In sum, Officer Brown will advise the Court that he did not receive any certified mailing or other paperwork in December 2002.

8. An Affidavit has been sent to Joe Dirbyshire and once signed it will be supplemented to this Motion. In sum, Mr. Dirbyshire will advise the Court that he does work for the City of Fruitland Police Department and that he does not have the authority to sign for Officer Matthew Brown.

### COUNT I
### MOTION TO STRIKE AFFIDAVIT OF ALLEGED SERVICE
### PURSUANT TO RULE 12(B)(4) AND 12(B)(5)

9. Fed. R. Civ. P. 12(b)(4) and 12(b)(5) allow a defendant to defend against a claim on the grounds of insufficiency of process and insufficiency of service of process.

10. The Plaintiff was permitted to proceed <u>in forma pauperis</u> by Court Order dated August 27, 2002. *See* Exhibit "B."

11. The Complaint was file on August 29, 2002. *See* a true and correct copy the dockets attached hereto as Exhibit "E."

12. The Affidavit of Service file by the Plaintiff does not indicate who was served and if service was actually rendered. The box to be checked that personal service was rendered is blank, the box that the marshall has legal evidence of service is blank, and the box that served was executed as stated in the remarks section is also blank. *See* Exhibit "C."

13. The certified mail receipt/green card indicates that J. Dirbyshire signed for Officer Brown's certified mail. *See* Exhibit "D."

14. The certified mail receipt/green card requests restricted delivery meaning that Officer Brown must sign for the certified mail and he has not done so. *See* Exhibit "D."

15. Plaintiff has failed to complete service of the summons and Complaint on Officer Brown.

16. Furthermore, Officer Brown will testify by Affidavit that he did not receive the certified mail package. A copy of his signed Affidavit will supplement this Motion.

17. Mr. Dirbyshire will advise the Court that he does work for the City of Fruitland Police Department and that he does not have the authority to sign for Officer Matthew Brown. His Affidavit will also supplement this Motion.

**WHEREFORE**, since the Plaintiff's Affidavit of Service is defective and the Plaintiff has failed to serve Defendant Officer Brown properly, Defendant Office Brown respectfully requests this Honorable Court to enter an Order striking the Plaintiff's Affidavit of Service.

## COUNT II
## DEFENDANT OFFICER BROWN'S MOTION TO DISMISS
## PURSUANT TO RULE 12(B)(6)

18. Dismissal is appropriate pursuant to Fed. R. Civ. P. 12(B)(6) if the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

19. The Plaintiff has alleged that Officer Brown falsely accused him of a crime which resulted in the denial of bail, deprivation freedom, being subjected to unusual punishment, being denied justice, enduring a beating by an inmate which caused bodily harm, and the loss of potential employment as a result of being incarcerated. *See* a true and correct copy of the Plaintiff's 42 U.S.C. § 1983 Civil Rights Complaint attached hereto as Exhibit "A."

20. Officer Brown compiled a Statement of Charges against the Plaintiff dated 7/13/00, which indicates, in sum, that Officer Brown was dispatched to the Food Lion grocery store in Fruitland, Maryland, on June 18, 2000, where he spoke to the store manager Micah Payne. Micah Payne indicated that a person took a cart full of baby formula from the store without paying and when confronted the person removed the formula from the vehicle and then left in the vehicle bearing a Maryland registration no. 90317HD. On July 7, 2000, Officer Brown returned to the Food Lion and met with Micah Payne. Mr. Payne reviewed six photographs and pulled the photograph of Mark Baiamonte out indicating that Mr. Baiamonte was one of the people stealing the baby formula. *See* a true and correct copy of statement of charges attached hereto as Exhibit "F."

21. Quality immunity insulates from civil liability government officials performing discretionary functions insofar as "their actions could reasonably have been thought consistent with the rights they are alleged to have violated." Anderson v. Creighton, 483 U.S. 635, 638, 97 L. Ed. 2d 523, 107 S. Ct. 3034 (1987).

–4–

22.     Qualified immunity is not a mere defense from liability, but it is an entitlement not to stand trial or face the other burdens of litigation.  <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526, 86 L. Ed. 2d 411, 105 S. Ct. 2806 (1985).

23.     Defendant Officer Brown is afforded qualified immunity, as fully set forth in the accompanying memorandum of law, and therefore, the Plaintiff's Complaint against Office Brown shall be dismissed.

**WHEREFORE**, Defendant Officer Matthew Brown respectfully requests this Court to enter the attached Order dismissing with prejudice the Plaintiff's Complaint against Defendant Officer Brown.

                                            Respectfully submitted,

                                            MARGOLIS EDELSTEIN


                                            By:_____
                                                Carl J. DiCampli, Esquire
                                                Christopher J. Pakuris, Esquire

                                                The Curtis Center, Fourth Floor
                                                Independence Square West
                                                Philadelphia, PA  19106-3304
                                                (215) 922-1100

                                                Attorney for Defendant,
                                                Matthew E. Brown

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK ANTONY BAIAMONTE<br><br>v.<br><br>MATTHEW E. BROWN<br>    and<br>JAMES JANECKA<br>    and<br>DAVIS R. RUARK<br>    and<br>FOOD LION<br>    and<br>JANE DOES and JOHN DOES<br>    and<br>GEORGE W. HILL CORRECTIONAL FACILITY,<br>    and<br>OFFICE OF THE DISTRICT ATTORNEY,<br>DELAWARE COUNTY, PENNSYLVANIA | 2:02-CV-03567 |

**MEMORANDUM OF LAW IN SUPPORT OF
PETITION OF DEFENDANT, OFFICER MATTHEW E. BROWN,
TO STRIKE THE PLAINTIFF'S ALLEGED AFFIDAVIT OF SERVICE
PURSUANT TO RULE 12(B)(4) AND 12(B)(5)
AND MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)**

**I.     FACTS**

The instant action was filed by the Plaintiff, Mark Baiamonte, *pro se*, alleging that he was falsely accused of a crime, was denied bail, deprived freedom, subjected to unusual punishment, denied justice, endured a beating by an inmate which caused bodily harm due to be incarcerated, and lost potential employment as a result of being incarcerated. *See* a true and correct copy of the Plaintiff's 42 U.S.C. § 1983 Civil Rights Complaint attached hereto as Exhibit "A."

On August 27, 2002, Honorable Judge Anne B. Brody entered an Order permitting the Plaintiff to proceed in forma paueris. This Order permitted the Plaintiff to seek a waiver of service and if said service was not waiver, the Clerk of the Court's office shall transmit the summons and copy of the complaint to the U.S. Marshals Service for immediate service pursuant to Fed. R. Civ. P. 4(c)(1) along with a copy of the August 27, 2002 Order. *See* a true and correct copy of Honorable Judge Anne B. Brody's August 27, 2002 Order attached hereto as Exhibit "B."

On December 17, 2002, the Plaintiff filed an alleged Affidavit of Service which is attached hereto as Exhibit "C." Plaintiff filed a certified mail receipt for "Mathhew E. Brown." *See* Exhibit "D." The certified mail receipt, checked "yes" for restricted delivery, indicates that J. Derbyshire signed for a package directed to Officer Brown on December 2, 2002. *See* Exhibit "D." Officer Brown did not sign for the restricted delivery certified mail. See Exhibit "D."

An Affidavit has been sent to Officer Brown and once signed it will be supplemented to this Motion. In sum, Officer Brown will advise the Court that he did not receive any certified mailing or other paperwork in December. An Affidavit has been also sent to Joe Dirbyshire and once signed it will be supplemented to this Motion. In sum, Mr. Dirbyshire will advise the Court that he does work for the City of Fruitland Police Department and that he does not have the authority to sign for Officer Matthew Brown.

### COUNT I
### MOTION TO STRIKE AFFIDAVIT OF ALLEGED SERVICE
### PURSUANT TO RULE 12(B)(4) & 12(B)(5)

Fed. R. Civ. P. 12(b)(4) and 12(b)(5) allow a defendant to defend against a claim on the grounds of insufficiency of process and insufficiency of service of process. A defendant must be served in accordance with Rule 4(c) of the Federal Rules of Civil Procedure, or there is no personal jurisdiction. Beecher v. Wallace, 381 F.2d 372 (9th Cir. 1967). A defendant must be personally

served or served in compliance with alternatives listed in 4(c)(1) or 4(c)(2). Neither actual notice, <u>Martin v. N. Y. State Dept. of Mental Hygiene</u>, 588 F.2d 371, 373 (2nd Cir. 1978), nor simply naming the person in the caption of the complaint, <u>Gozdanovic v. Civil Serv. Com'n for City of Pittsburgh</u>, PA, 361 F. Supp. 504, 507 (W.D. Pa.1973), will subject a defendant to personal jurisdiction if service was not made in substantial compliance with Rule 4.

Fed. R. Civ. P. 4(c)(1) and 4(c)(2) provides in pertinent part:

> (1)    . . . a Plaintiff is responsible for service of a summons and complaint . . . and shall furnish the person effecting service with the necessary copies of the summons and complaint.
>
> (2)    Service may be effected by any person who is not a party and who is at least 18 years of age. At the request of the Plaintiff, . . . the court may direct that service be effected by a United States Marshall . . .

Fed. R. Civ. P. 4(e) states:

> (e)    Service Upon Individuals Within a Judicial District of the United States. Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
> > (1)    pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
> >
> > (2)    by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Pennsylvania requires service of an out-of-state defendant to be conducted pursuant to Pa. R. Civ. Proc. 405, which states, in part:

>Proof of service by mail under Rule 403 shall include **a return receipt signed by the defendant or**, if the defendant has refused to accept mail service and the plaintiff thereafter has served the defendant by ordinary mail . . . the plaintiff must provide the returned letter with the notation that the defendant refused to accept delivery.

Actual knowledge of a suit is not a substitute for proper service of process and does not cure a technically defective service of process. Friedman v. Estate of Presser, 929 F.2d 1151, 1155-56 (6th Cir. 1991). Independent knowledge by defendant that an action has been commenced is insufficient, in the absence of proper service of process, to confer jurisdiction over defendant. Javurek v. Wadsworth (In re Wadsworth) 200 B.R. 915, 919 (D. Kan. 1996) (explaining that defendant's actual notice of suit "is not equivalent to a showing of 'good cause'" for failure to timely serve).

Here, the Plaintiff was permitted to proceed in forma pauperis pursuant to Rule 4(c)(2) by Court Order dated August 27, 2002.  ee Exhibit "B."  However, the Affidavit of Service file by the Plaintiff does not indicate who was served and if service was actually rendered.  The box to be checked that personal service was rendered is blank, the box that the marshall has legal evidence of service is blank, and the box that served was executed as stated in the remarks section is also blank. *See* Exhibit "C."

The certified mail receipt/green card indicates that J. Dirbyshire signed for Officer Brown's certified mail. *See* Exhibit "D."  The certified mail receipt/green card requests **restricted delivery** meaning that Officer Brown must sign for the certified mail and he has not done so. *See* Exhibit "D."  Plaintiff has failed to complete service of the summons and complaint on Officer Brown.

Furthermore, Officer Brown will testify by Affidavit that he did not receive the certified mail package.  A copy of his signed Affidavit will supplement this Motion.  Mr. Dirbyshire will advise

the Court that he does work for the City of Fruitland Police Department and that he does not have the authority to sign for Officer Matthew Brown. His Affidavit will also supplement this Motion.

**WHEREFORE**, since the Plaintiff's Affidavit of Service is defective and the Plaintiff has failed to serve Defendant Officer Brown properly, Defendant Officer Brown respectfully requests this Honorable Court to enter an Order striking the Plaintiff's Affidavit of Service.

## COUNT II
## DEFENDANT OFFICER BROWN'S
## MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)

Dismissal is appropriate pursuant to Fed. R. Civ. P. 12(B)(6) if the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994). The Court must accept as true all well pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985). A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved by the plaintiff. Ransom v. Marrazzo 848 F.2d 398, 401 (3d Cir. 1988).

However, dismissal is appropriate pursuant to this Rule if the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The court does not need to accept as true "unsupported conclusions and unwarranted inferences." City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 n.13 (3d Cir. 1998) (quoting Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co., 113 F.3d 405, 417 (3d Cir. 1997)). It is the duty of the court 'to view the complaint as a whole and to base rulings not upon the presence of mere words but, rather, upon the presence of a factual situation which is or is not justiciable. City of Pittsburgh, 147 F.3d at 263.

The Plaintiff has alleged that Officer Brown falsely accused him of a crime which resulted in the denied of bail, deprived freedom, being subjected to unusual punishment, being denied justice, enduring a beating by an inmate which caused bodily harm, and the loss of potential employment as a result of being incarcerated. *See* a true and correct copy of the Plaintiff's 42 U.S.C. § 1983 Civil Rights Complaint attached hereto as Exhibit "A."

Officer Brown compiled a Statement of Charges against the Plaintiff dated 7/13/00, which indicates, in sum, that Officer Brown was dispatched to the Food Lion grocery store in Fruitland, Maryland, on June 18, 2000, where he spoke to the store manager Micah Payne. Micah Payne indicated that a person took a cart full of baby formula from the store without paying and when confronted the person removed the formula from the vehicle and then left in the vehicle bearing a Maryland registration no. 90317HD. On July 7, 2000, Officer Brown returned to the Food Lion and met with Micah Payne. Mr. Payne reviewed six photographs and pulled the photograph of Mark Baiamonte out indicating that Mr. Baiamante was one of the people stealing the baby formula. *See* a true and correct copy of statement of charges attached hereto as Exhibit "F."

In <u>Forbes v. Township of Lower Merion</u>, 313 F.3d 144, 146 (3d Cir. 2002), the Court outlined qualified immunity stating:

> Qualified immunity insulates from civil liability government officials performing discretionary functions insofar as "their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638, 97 L.Ed.2d 523, 107 S. Ct. 3034 (1987). In assessing a claim of qualified immunity, we must review the law relevant to the official's behavior and ask whether the official could have believed that his or her actions were justified by law. *See Good v. Dauphin Cty. Soc. Sercs.*, 891 F.2d 1087, 1094 (3d Cir. 1989). The second part of this inquiry contains two components. To overcome the defense of qualified immunity, (1) the facts, "taken in the light most favorable to the party asserting the injury, [must] show the officer's conduct violated a constitutional right," *Saucier v. Katz*, 533 .S. 194, 201, 150

> L.Ed.2d 272, 121 S. Ct. 2151 (2001), and (2) "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson*, 483 U.S. at 640.
>
> Qualifying immunity is defeated if an official "knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the [plaintiff], or if he took the action with the malicious intention to cause a deprivation of constitutional rights or other injury." *Wood v. Strickland*, 420 U.S. 308, 322, 43 L.Ed.2d 214, 95 S. Ct. 992 (1975). The doctrine aims to exclude "the plainly incompetent" and "those who knowingly violate the law" while accommodating reasonable "mistaken judgments." *Hunter v. Bryant*, 502 U.S. 224, 229, 116 L.Ed.2d 589, 112 S. Ct. 534 (1991) (citation and internal quotation marks omitted). If an official could have reasonable believed that his or her actions were lawful, the official receives immunity even if in fact the actions were not lawful.

Furthermore, qualified immunity is not a mere defense from liability, it is an entitlement not to stand trial or face the other burdens of litigation. <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526, 86 L. Ed. 2d 411, 105 S. Ct. 2806 (1985). It should be decided at the earliest possible stage in litigation. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 73 L. Ed. 2d 396, 102 S. Ct. 2727 (1982).

Here, it is clear that Officer Brown is afforded qualified immunity. Pursuant to his statement of charges, Officer Brown investigated an attempted crime and based on his investigation compiled the statement of charges. He felt there was probable cause, "facts and circumstances within the officer's knowledge sufficient to warrant a person believing" that a crime was committed, to compile the statement of charges. <u>Beck v. Ohio</u>, 379 U.S. 89, 91, 13 L. Ed. 2d 142, 85 S. Ct. 2223 (1964).

Officer Brown's behavior was justified and reasonable. His conduct did not violate a constitutional right of the Plaintiff and therefore, the Plaintiff's Complaint must be Dismissed with Prejudice against Officer Brown.

–13–

**WHEREFORE**, Defendant Officer Brown respectfully requests this Court to enter the attached Order dismissing with prejudice the Plaintiff's Complaint against Defendant Officer Brown.

                        Respectfully submitted,

                        MARGOLIS EDELSTEIN

By: _____
    Carl J. DiCampli, Esquire
    Christopher J. Pakuris, Esquire

    The Curtis Center, Fourth Floor
    Independence Square West
    Philadelphia, PA  19106-3304
    (215) 922-1100

    Attorney for Defendant,
    Matthew E. Brown