IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARK ANTHONY BAIAMONTE        :
                              :
                              :
                              :
       v.                     :     02-CV-3567
                              :
                              :
                              :
                              :
JAMES JANECKA, et. al.        :

**ORDER**

**AND NOW**, this      day of April 2003, it is **ORDERED** that the plaintiff's complaint alleging violations of 42 U.S.C. § 1983 by defendant Food Lion Grocery Stores, Inc. is **DISMISSED WITH PREJUDICE** because defendant Food Lion is not a state actor for purposes of § 1983.[1] Accordingly, the motion of the defendant Food Lion to dismiss the plaintiff's complaint (Docket Entry # 21) is **GRANTED**.

It is **FURTHER ORDERED** that the motions of the defendants Davis R. Ruark (Docket Entry #12) and the Office of the District Attorney of Delaware County, Pa. (Docket

---

[1] The plaintiff seeks monetary damages under § 1983 for alleged violations of his constitutional rights by the defendants. To state a claim under § 1983, a plaintiff must allege a violation of his or her rights secured by the Constitution and laws of the United States, and must demonstrate that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 108 S. Ct. 2250, 487 U.S. 42 (1988).

Entry #22) to dismiss the plaintiff's complaint against them in their individual capacities are **GRANTED** because these defendants are entitled to prosecutorial immunity from suit in their individual capacities under § 1983. See Imbler v. Pachtman, 424 U.S. 409 (1976).[2] Accordingly, the plaintiff's claims against Ruark and the Office of the District Attorney of Delaware County in their individual capacities are **DISMISSED WITH PREJUDICE**. The motion of the attorneys in the Office of the District Attorney of Delaware County, Pa. to dismiss the plaintiff's claims against them in their official capacities is **DENIED WITHOUT PREJUDICE**.

The motion of the defendant Catherine D. Dryden to dismiss the plaintiff's complaint against her in her individual capacity (Docket Entry #12) is **DENIED WITHOUT PREJUDICE**.[3]

Because it is unclear under the facts of this case whether the defendants will be

---

[2] I interpret all of the pro se plaintiff's claims as claims against the defendants in their individual and official capacities.

The basis of the plaintiff's claims is that Maryland State Attorney Ruark and the Office of the District Attorney of Delaware County, Pa. did not bring him before a Maryland court to answer his Maryland criminal charges in a timely fashion, and thus denied him justice. Baiamonte could not be released to the Maryland authorities because he was awaiting trial in Pennsylvania.

Absolute immunity exists for prosecutorial tasks. See Imbler, 424 U.S. at 431 n.33. The determination whether to prosecute is a prosecutorial task. Ruark and the Office of the District Attorney of Delaware County, Pa. were performing their prosecutorial tasks regarding Baiamonte's prosecution for Maryland and Pennsylvania charges. Therefore, Ruark and the district attorneys of the Office of the District Attorney of Delaware County, Pa. are entitled to absolute immunity from suit to the extent that the plaintiff states claims against them in their individual capacities.

[3] Defendant Dryden claims that, as a Commissioner of the District Court of Maryland in Wicomico County, Maryland, she is entitled to absolute judicial immunity from suit for claims under § 1983. Judicial immunity extends only to those fulfilling a judicial role and performing judicial tasks. See Supreme Court of Va. v. Consumers Union, 446 U.S. 719 (1980). Dryden is not a judge. Therefore, Dryden is not entitled to judicial immunity from the plaintiff's claims against her in her individual capacity.

entitled to immunity from suit in their official capacity under the Eleventh Amendment, the motions of the defendants Ruark and Dryden to dismiss the plaintiff's claims against them in their official capacities under the Eleventh Amendment are **DENIED WITHOUT PREJUDICE**.[4]

                                                                      _____
                                                                      ANITA B. BRODY, J.

Copies **FAXED** on _____ to:     Copies **MAILED** on _____ to:

---

[4] See <u>McMillian v. Monroe County, Alabama</u>, 520 U.S. 781 (1997). The Eleventh Amendment does not shield state officers from liability for suits brought against the officer in the officer's individual capacity. <u>See</u> <u>Hafer v. Melo</u>, 502 U.S. 21 (1991).