UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Baiamonte, Mark Anthony** | : | Civil Action |
| Plaintiff | : | #02-CV-3567 |
| | : | |
| vs. | : | JURY TRIAL DEMANDED |
| | : | |
| **James Janecka, Davis R. Ruark, Matthew E. Brown, George W. Hill Correctional Facility, Office of the District Attorney of Delaware County, Jane & John Doe's, C. D. Drydon and Food Lion** | : | |
| Defendants | | |

### ANSWER WITH AFFIRMATIVE DEFENSES
### OF THE OFFICE OF THE DISTRICT ATTORNEY
### OF DELAWARE COUNTY, PENNSYLVANIA

**PARTIES**

    a.    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.  The allegations are, therefore, denied and strict proof thereof is demanded at trial.

    b.    It is admitted only that the Plaintiff has filed suit against the Office of the District Attorney of Delaware County, Pennsylvania. Answering Defendant is not required to respond to any averments in this paragraph pertaining to other parties.

**PREVIOUS LAWSUITS**

    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.  The allegations are, therefore, denied and strict proof thereof is demanded at trial.

**ADMINISTRATIVE REMEDIES**

    Plaintiff has set forth no allegations, therefore, no answer is required.

**STATEMENT OF CLAIM**

    1.    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.  The allegations are, therefore, denied and strict proof thereof is demanded at trial.

    2.    Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein.  The allegations are, therefore, denied and strict proof thereof is demanded at trial.

      3.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein. The allegations are, therefore, denied and strict proof thereof is demanded at trial.

      4.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein. The allegations are, therefore, denied and strict proof thereof is demanded at trial.

      5.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein. The allegations are, therefore, denied and strict proof thereof is demanded at trial.

      6.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein. The allegations are, therefore, denied and strict proof thereof is demanded at trial.

      7.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein. The allegations are, therefore, denied and strict proof thereof is demanded at trial.

      8.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein. The allegations are, therefore, denied and strict proof thereof is demanded at trial.

      9.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained therein. The allegations are, therefore, denied and strict proof thereof is demanded at trial.

**RELIEF**

      Denied. It is specifically denied that Plaintiff is entitled to the relief requested. On the contrary, Answering Defendant demands that Plaintiff's Complaint be dismissed.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

      Plaintiff's Complaint fails to state a claim upon which relief can be granted against the Answering Defendant.

**SECOND AFFIRMATIVE DEFENSE**

      Answering Defendant, Office of the District Attorney of Delaware County, Pennsylvania is immune from Plaintiff's claims.

**THIRD AFFIRMATIVE DEFENSE**

Merely negligent or careless conduct on the part of the Answering Defendant is insufficient basis for cause of action under 42 U.S.C. §1983.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, if proven, were sustained by the Plaintiff as a result of his voluntary, intentional, wrongful and/or negligent acts and/or omissions and not the result of any violations of civil rights or intentional acts by the Answering Defendant. Therefore, such claims fail to state a claim upon which relief can be granted and are otherwise to be barred.

### FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

Answering Defendants are entitled to qualified immunity.

### SEVENTH AFFIRMATIVE DEFENSE

At all times material to Plaintiff's Complaint, the Answering Defendant acted with good faith.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's arrest was the result of his unlawful conduct under the laws of the Commonwealth of Pennsylvania.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff may not recover punitive damages from the Answering Defendant and his claims for damages are speculative and not recognized under the law.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's prosecution was based upon probable cause and pursued in good faith by the Answering Defendant.

**Respectfully Submitted,**
**HOLSTEN & ASSOCIATES**


BY: _____
**ROBERT P. DIDOMENICIS, ESQUIRE**
**Attorney for Defendant**
**Office of the District Attorney of**
**Delaware County**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Baiamonte, Mark Anthony** | : | Civil Action |
| Plaintiff | : | #02-CV-3567 |
| vs. | : | **JURY TRIAL DEMANDED** |
| **James Janecka, Davis R. Ruark, Matthew E. Brown, George W. Hill Correctional Facility, Office of the District Attorney of Delaware County, Jane & John Doe's, C. D. Drydon and Food Lion** | : : : : : | |
| Defendants | | |

## CERTIFICATE OF SERVICE

I, Robert P. DiDomenicis, Esquire, attorney for Defendant, Office of the District Attorney of Delaware County, hereby state that a true and correct copy of my Entry of Appearance and Waiver of Service of Summons has been sent to the following individual(s) by regular first class mail on the date listed below:

Mark Anthony Baiamonte
c/o Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219
*Pro Se Plaintiff*

Julia M. Andrew, Assistant Att'y General
200 St. Paul Place
Baltimore, MD 21202

Carl J. DiCampli, Esquire
**Margolis, Edelstein**
The Curtis Center, Fourth Floor
Independence Square West
Philadelphia, PA 19106-3304

Robert Diorio, Esquire
**Diorio & Sereni**
Front & Plum Streets
P.O. Box 1789
Media, PA 19063

                        Marco P. DiFlorio, Esquire
                        **Rawle & Henderson, LLP**
                        Ten Lake Center Executive Pike
                        Suite 204
                        401 Route 73 North
                        Marlton, NJ 08053

                                            **Respectfully Submitted,**

                                            **HOLSTEN & ASSOCIATES**


                            **BY:**         _____
                                            **ROBERT P. DIDOMENICIS, ESQUIRE**
                                            **Attorney for Defendant**
                                          **Office of the District Attorney of**
                                          **Delaware County**

**Date: May 19, 2003**