IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK A. BAIAMONTE** | : | NO. 02-3567 |
| | : | |
| v. | : | |
| | : | |
| **JAMES JANECKA et. al** | : | |
| | : | |

### DEFENDANTS, JAMES JANECKA AND "GEORGE W. HILL CORRECTIONAL FACILITY'S" ANSWER WITH AFFIRMATIVE DEFENSES

Defendants, James Janecka and "George W. Hill Correctional Facility", by and through its attorneys, Robert M. DiOrio and Kathleen E. Mahoney, hereby answer Plaintiff's Complaint and file the following affirmative defenses as follows:

1. Denied. It is expressly denied that Answering Defendants unlawfully confined Plaintiff and/or failed to bring Defendant to justice. On the contrary, Plaintiff was, upon information and belief, committed to the George W. Hill Correctional Facility on January 29, 2001 as a result of his inability to post bond after being arraigned on a Retail Theft charge, to which he entered a guilty plea on May 30, 2001, and for which he was sentenced to 8 to 23 months in prison.

2. The balance of Plaintiff's Complaint is denied as Answering Defendants, after reasonable investigation can not prove the truth or falsity of Plaintiff's vague assertions. Therefore, they are denied in toto according the Federal Rules of Civil Procedure. Additionally, Plaintiff has failed to plead a cause of action against any of the Answering Defendants in order to demonstrate this Honorable Court's jurisdiction. Plaintiff has also failed to meet the prerequisites established under the Prison Reform Litigation Act. Further, the Plaintiff has not alleged deliberate indifference to any civil and/or constitutional right.

**WHEREFORE,** Answering Defendants respectfully request Judgment in their favor and

Dismissal of Plaintiff's Complaint with Prejudice.

### FIRST AFFIRMATIVE DEFENSE

Answering Defendants are entitled to the protections and defenses contained within the Prison Litigation Reform Act. Similarly, Plaintiff must meet all prerequisites to filing suit.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has not demonstrated deliberate indifference to his rights, civil or constitutional, and therefore has not stated a sufficient claim under section 1983. He has alleged merely conclusory allegations in this regard which cannot sustain his claims.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has alleged merely a negligence claim which cannot support section 1983 liability. Additionally, this Honorable Court should not exercise supplemental jurisdiction in this matter to hear this state tort case.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff may not have filed his causes of action within the appropriate time provided in the applicable statute of limitations or provided the required notice to Answering Defendants.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the doctrine of respondeat superior is inapplicable to a Civil Action brought pursuant to 42 U.S.C. § 1983.

### SIXTH AFFIRMATIVE DEFENSE

Any and all claims of the Plaintiff are barred by the doctrines of consent and/or privilege.

### SEVENTH AFFIRMATIVE DEFENSE

The contributory or comparative negligence of the Plaintiff should act as a bar to any recovery regarding his negligence claims in this matter.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege a proper cause of action pursuant to Section 1983 for wrongful or unlawful incarceration.

### NINTH AFFIRMATIVE DEFENSE

Negligence is an insufficient basis upon which to find liability against any of the Defendants on the Section 1983 cause of action.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a proper cause of action under Pennsylvania law for false arrest, false imprisonment, assaults and battery, and negligent or intentional infliction of emotional distress.

### ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiff has suffered any injury, which Answering Defendants deny, then this injury was caused by the acts and/or omissions of the Plaintiff and not by the acts and/or omissions of Answering Defendants.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff was not deprived of any civil or constitutional rights or protections by Answering Defendants or as a result of any policy, practice, custom or usage of Answering Defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE

Answering Defendants, at all times relevant to Plaintiff's cause of action, acted in good faith and with the reasonable belief, both objective and subjective, that their actions were lawful and not in violation of the rights of Plaintiff under the Constitution and laws of the United States of America and the Commonwealth of Pennsylvania.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims do not rise to the level of the deprivation of civil rights.

### FIFTEENTH AFFIRMATIVE DEFENSE

Answering Defendants did not willfully or intentionally commit any wrongful acts causing injury or damage to the Plaintiff and, in the absence of such willful misconduct, there can be no liability on the part of the Answering Defendants to the Plaintiff in this case.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the doctrines of res judicata or collateral estoppel.

**WHEREFORE,** Answering Defendants respectfully request this Honorable Court enter judgment in their favor.

                                                  Respectfully submitted,

                                                  **DIORIO AND SERENI, LLP**

**Date:** May 23, 2003                    **BY:**   _____
                                                  **ROBERT M. DIORIO**
                                                  I.D. No.: 17838
                                                  **KATHLEEN E. MAHONEY**
                                                  I.D. No.: 77873
                                                  Front & Plum Streets
                                                  P.O. Box 1789
                                                  Media, Pa.  19063
                                                  (610) 565-5700
                                                  Attorneys for Defendants, James Janecka and
                                                  George W. Hill Correctional Facility

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK A. BAIAMONTE** | : | NO. 02-3567 |
| | : | |
| **v.** | : | |
| | : | |
| **JAMES JANECKA et. al** | : | |
| | : | |

<u>**CERTIFICATE OF SERVICE**</u>

We, Robert M. DiOrio and Kathleen E. Mahoney, counsel for Defendants, James Janecka and George W. Hill Correctional Facility, hereby certify that a true and correct copy of the foregoing Answer with Affirmative Defenses, was served upon the following individual via U.S. First Class Mail on May 13, 2003:

>Mark Anthony Baiamonte
>C/o Allegheny County Prison
>950 Second Avenue
>Pittsburgh, PA 15219
>*Pro se Plaintiff*
>
>Julia M. Andrew, Assistant Attorney General
>200 Saint Paul Place
>Baltimore, MD 21202
>*Attorney for Defendants Catherine Dryden and Davis Ruark*
>
>Robert P. DiDomenicus, Esquire
>Holsten & Associates
>One Olive Street
>Media, PA 19063
>*Attorney for Defendant Office of the District Attorney of Delaware County*
>
>Carl J. DiCampli, Esquire / Christopher J. Pakuris, Esquire
>Margolis Edelstein
>The Curtis Center, Fourth Floor
>Independence Square West
>Philadelphia, PA 19106
>*Attorneys for Defendant Matthew E. Brown*

**DIORIO & SERENI, LLP**

**Dated:** May 23, 2003          **BY:** _____
                                 **ROBERT M. DIORIO**
                                 I.D. No.: 17838
                                 **KATHLEEN E. MAHONEY**
                                 I.D. No.: 77873
                                 Front & Plum Streets
                                 P.O. Box 1789
                                 Media, Pa. 19063
                                 (610) 565-5700
                                 Attorneys for Defendants, James Janecka and George W. Hill Correctional Facility