UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK ANTHONY BAIAMONTE, | * |
| Plaintiff, | * |
| v. | *   Civil action #02-CV-3567<br>JURY TRIAL DEMANDED |
| JAMES JANECKA, DAVIS R. RUARK, MATTHEW E. BROWN, GEORGE W. HILL CORRECTIONAL FACILITY, OFFICE OF THE DISTRICT ATTORNEY OF DELAWARE COUNTY, JANE & JOHN DOE'S, C.D. DRYDON [sic] AND FOOD LION, | * |
| Defendants. | * |

* * * * *

## ANSWER AND AFFIRMATIVE DEFENSES
## OF DISTRICT COURT COMMISSIONER CATHERINE DRYDEN
## AND STATE'S ATTORNEY DAVIS R. RUARK

Come now defendants Catherine Dryden, Commissioner of the District Court of Maryland for District 3 (Wicomico County, Maryland) and Davis R. Ruark, State's Attorney for Wicomico County, Maryland (hereafter, collectively, "Answering Defendants"), by their attorneys, J. Joseph Curran, Jr., Attorney General of Maryland, and Kathleen J. Masterton, Assistant Attorney General, and answer the Complaint against them in the above-captioned matter, and for answer state:

**ANSWER TO ALLEGATIONS CONCERNING PARTIES**

a. Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein. The allegations are, therefore, denied and strict proof thereof is demanded at trial.

b. It is admitted only that the Plaintiff has filed suit against Davis R. Ruark, State's Attorney for Wicomico County, and C. D. Dryden, Commissioner of the District Court of Maryland

for District 3, Wicomico County, Maryland. Answering Defendants are not required to respond to any averments in this paragraph pertaining to other parties. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained therein. The allegations are, therefore, denied and strict proof thereof is demanded at trial.

## ANSWER TO ALLEGATIONS CONCERNING PREVIOUS LAWSUITS

Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein. The allegations are, therefore, denied and strict proof thereof is demanded at trial.

## ANSWER TO ALLEGATIONS CONCERNING ADMINISTRATIVE REMEDIES

Plaintiff has set forth no allegations, therefore, no answer is required.

## ANSWER TO ALLEGATIONS CONCERNING STATEMENT OF CLAIM

1. Defendant Dryden admits that she executed and issued an Arrest Warrant on Charging Document for Plaintiff. Defendant Dryden specifically denies that such action was unlawful. Answering Defendants deny that either of them confined Plaintiff. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained therein. The allegations are, therefore, denied and strict proof thereof is demanded at trial.

2. Denied. Neither Defendant Dryden or Defendant Ruark made any decision granting or denying bail to Plaintiff. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained therein. The allegations are, therefore, denied and strict proof thereof is demanded at trial.

3. Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein. The

allegations are, therefore, denied and strict proof thereof is demanded at trial.

    4.   Denied. Answering Defendants specifically deny that either of them punished Plaintiff. After reasonable investigation, Answering Defendant are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained therein. The allegations are, therefore, denied and strict proof thereof is demanded at trial.

    5.   Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein. The allegations are, therefore, denied and strict proof thereof is demanded at trial.

    6.   Denied. Answering Defendants deny that either of them caused Plaintiff to be beaten or to suffer bodily harm. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained therein. The allegations are, therefore, denied and strict proof thereof is demanded at trial.

    7.   Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein. The allegations are, therefore, denied and strict proof thereof is demanded at trial.

    8.   Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein. The allegations are, therefore, denied and strict proof thereof is demanded at trial.

    9.   Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein. The allegations are, therefore, denied and strict proof thereof is demanded at trial.

**ANSWER TO ALLEGATIONS CONCERNING RELIEF**

    Denied. Answering Defendants specifically deny that Plaintiff is entitled to the relief

requested. On the contrary, Answering Defendants demand that Plaintiff's Complaint be dismissed.

## DENIAL OF LIABILITY

Answering Defendants generally deny every other allegation contained in the Complaint not specifically admitted in this Answer. Answering Defendants deny liability for any and all claims or parts thereof not specifically admitted to herein. Defendants deny specifically any claim that they violated any federal right of Plaintiff.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against the Answering Defendants.

### SECOND AFFIRMATIVE DEFENSE

Answering Defendants are immune from Plaintiff's claims.

### THIRD AFFIRMATIVE DEFENSE

Merely negligent or careless conduct on the part of the Answering Defendants is insufficient basis for cause of action under 42 U.S.C. §1983.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, if proven, were sustained by the Plaintiff as a result of his own voluntary, intentional, wrongful and/or negligent acts and/or omissions and were not the result of any violations of civil rights or intentional acts by the Answering Defendants. Therefore, such claims fail to state a claim upon which relief can be granted and are otherwise to be barred.

### FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

Answering Defendants are entitled to qualified immunity.

## SEVENTH AFFIRMATIVE DEFENSE

At all times material to Plaintiff's Complaint, the Answering Defendants acted with good faith.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's arrest was the result of his unlawful conduct under the laws of the Commonwealth of Pennsylvania and/or the State of Maryland.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff may not recover punitive damages from the Answering Defendants and his claims for damages are speculative and not recognized under the law.

## TENTH AFFIRMATIVE DEFENSE

Answering Defendants are entitled to Eleventh Amendment immunity.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust administrative remedies by filing an administrative tort claim as required by the Maryland Tort Claims Act and may not recover on any claim sounding in tort.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant Dryden is judicially immune from Plaintiff's claims.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant Ruark is immune from Plaintiff's claims under prosecutorial immunity.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff does not identify any conduct by Answering Defendants that, if true, deprived Plaintiff of a federally protected right.

**PRAYER FOR RELIEF**

WHEREFORE, the Answering Defendants, having fully responded to the Complaint, pray as follows:

1. That the Complaint, and each and every claim thereof, be dismissed, or in the alternative that summary judgment be granted in the Answering Defendants' favor;

2. That the Plaintiff have and recover nothing from the Answering Defendants.

3. That the Answering Defendants' recover their costs, including attorney's fees.

4. That the Answering Defendants have such additional relief to which they may be entitled under the facts and applicable law.

        Respectfully submitted,

        J. JOSEPH CURRAN, JR.
        Attorney General of Maryland

        _____
        KATHLEEN J. MASTERTON
        Assistant Attorney General
        200 Saint Paul Place
        Baltimore, Maryland 21202
        410-576-7293

        Attorneys for Defendants

Date: June ____, 2003