UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK ANTONY BAIAMONTE<br><br>v.<br><br>MATTHEW E. BROWN<br>  and<br>JAMES JANECKA<br>  and<br>DAVIS R. RUARK<br>  and<br>FOOD LION<br>  and<br>JANE DOES and JOHN DOES<br>  and<br>GEORGE W. HILL CORRECTIONAL FACILITY,<br>  and<br>OFFICE OF THE DISTRICT ATTORNEY,<br>DELAWARE COUNTY, PENNSYLVANIA | NO. 2:02-CV-03567 |

## O R D E R

**AND NOW**, this _____ day of _____, 2003, upon consideration of the Motion of Defendant, Matthew E. Brown, for Summary Judgment, and supporting Memorandum of Law, and any responses thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED** and Defendant, Matthew E. Brown, is **DISMISSED WITH PREJUDICE** from Plaintiff's Complaint.

**BY THE COURT**:

_____
                                                                                                                                    **J.**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK ANTONY BAIAMONTE | 2:02-CV-03567 |
| v. | |
| MATTHEW E. BROWN and<br>JAMES JANECKA and<br>DAVIS R. RUARK and<br>FOOD LION and<br>JANE DOES and JOHN DOES and<br>GEORGE W. HILL CORRECTIONAL FACILITY<br>and OFFICE OF THE DISTRICT ATTORNEY,<br>DELAWARE COUNTY, PENNSYLVANIA | |

**MOTION OF DEFENDANT, OFFICER MATTHEW E. BROWN,
FOR SUMMARY JUDGMENT**

1. The Plaintiff has alleged in his Civil Rights Complaint that Officer Matthew E. Brown falsely accused him of a crime which resulted in the denial of bail, deprivation freedom, being subjected to unusual punishment, being denied justice, enduring a beating by an inmate which caused bodily harm, and the loss of potential employment as a result of being incarcerated. *See* a true and correct copy of the Plaintiff's 42 U.S.C. § 1983 Civil Rights Complaint attached hereto as Exhibit "A."

2. Officer Brown compiled a Statement of Charges against the Plaintiff dated 7/13/00, which indicates, in sum, that Officer Brown was dispatched to the Food Lion grocery store in Fruitland, Maryland, on June 18, 2000, where he spoke to the store manager Micah Payne, who indicated that a person took a cart full of baby formula from the store without paying and, when confronted, the person removed the formula from the vehicle and then left in the vehicle bearing Maryland Registration No. 90317HD.

3. On July 7, 2000, Officer Brown returned to the Food Lion and met with Micah Payne, who reviewed six photographs and pulled the photograph of Mark Baiamonte out indicating that Mr.

Baiamonte was one of the people stealing the baby formula. *See* a true and correct copy of Statement of Charges attached hereto as Exhibit "B."

4.   Quality immunity insulates from civil liability government officials performing discretionary functions insofar as "their actions could reasonably have been thought consistent with the rights they are alleged to have violated." Anderson v. Creighton, 483 U.S. 635, 638, 97 L.Ed.2d 523, 107 S. Ct. 3034 (1987).

5.   Qualified immunity is not a mere defense from liability, but it is an entitlement **not to stand trial or face the other burdens of litigation.** Mitchell v. Forsyth, 472 U.S. 511, 526, 86 L.Ed.2d 411, 105 S. Ct. 2806 (1985).

6.   Defendant Officer Brown is afforded qualified immunity, as fully set forth in the accompanying memorandum of law, and therefore, the Plaintiff's Complaint against Office Brown shall be dismissed.

**WHEREFORE**, Defendant Officer Matthew E. Brown respectfully requests this Court to enter the attached Order granting Summary Judgment in favor of Officer Brown and dismissing him with prejudice from the Plaintiff's Complaint.

    Respectfully submitted,

    MARGOLIS EDELSTEIN

    By:_____
    Carl J. DiCampli, Esquire
    Christopher J. Pakuris, Esquire
    The Curtis Center, Fourth Floor
    Independence Square West
    Philadelphia, PA  19106-3304
    (215) 922-1100

    Attorney for Defendant, Matthew E. Brown

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK ANTONY BAIAMONTE<br><br>v.<br><br>MATTHEW E. BROWN<br>    and<br>JAMES JANECKA<br>    and<br>DAVIS R. RUARK<br>    and<br>FOOD LION<br>    and<br>JANE DOES and JOHN DOES<br>    and<br>GEORGE W. HILL CORRECTIONAL FACILITY,<br>    and<br>OFFICE OF THE DISTRICT ATTORNEY,<br>DELAWARE COUNTY, PENNSYLVANIA | 2:02-CV-03567 |

**MEMORANDUM OF LAW
IN SUPPORT OF MOTION OF DEFENDANT,
OFFICER MATTHEW E. BROWN, FOR SUMMARY JUDGMENT**

**I.   FACTS**

The instant action was filed by the Plaintiff, Mark Baiamonte, *pro se*, alleging that he was falsely accused of a crime, was denied bail, deprived freedom, subjected to unusual punishment, denied justice, endured a beating by an inmate which caused bodily harm due to be incarcerated, and lost potential employment as a result of being incarcerated. *See* a true and correct copy of the Plaintiff's 42 U.S.C. § 1983 Civil Rights Complaint attached hereto as Exhibit "A."

The Plaintiff has alleged in his Civil Rights Complaint that Officer Matthew E. Brown falsely accused him of a crime which resulted in the denial of bail, deprivation freedom, being subjected to unusual punishment, being denied justice, enduring a beating by an inmate which caused bodily harm, and the loss of potential employment as a result of being incarcerated. *See* a true and correct copy of the Plaintiff's 42 U.S.C. § 1983 Civil Rights Complaint attached hereto as Exhibit "A."

Officer Brown compiled a Statement of Charges against the Plaintiff dated 7/13/00, which indicates, in sum, that Officer Brown was dispatched to the Food Lion grocery store in Fruitland, Maryland, on June 18, 2000, where he spoke to the store manager Micah Payne, who indicated that a person took a cart full of baby formula from the store without paying and when confronted the person removed the formula from the vehicle and then left in the vehicle bearing Maryland Registration No. 90317HD.

On July 7, 2000, Officer Brown returned to the Food Lion and met with Micah Payne, who reviewed six photographs and pulled the photograph of Mark Baiamonte out indicating that Mr. Baiamonte was one of the people stealing the baby formula. *See* a true and correct copy of the Statement of Charges attached hereto as Exhibit "B."

In August of 2000, Officer Brown filed in the District Court of Maryland for District 2, an application for charges for theft over $300 against Mark Baiamonte based on the aforementioned alleged shoplifting incident. *See* a true and correct copy of Affidavit of Commissioner Dryden at 2 attached hereto as Exhibit "C." The application came before Commissioner Dryden, who, pursuant to Maryland Courts and Judicial Proceedings Code §2-607(c), determined that it indicated probable cause for the arrest of Mr. Baiamonte. Id. Commissioner Dryden issued a Statement of Charges pursuant to Maryland Rule 4-211(b)(1). A copy of the application and the Statement of Charges are attached hereto as Exhibit "D" and "E." Pursuant to Md. Rule 4-212(d)(1), Dryden then issued an arrest warrant for Baiamonte, a copy of which is attached hereto as Exhibit "F."

Eventually, it was learned that the Plaintiff was being held on charges in Pennsylvania and that Pennsylvania had issued a Governor's Warrant of rendition, which would give Maryland the right to take custody of Baiamonte from the Pennsylvania authorities at the appropriate time. *See* Affidavit of Ruark at 2-3 attached hereto as Exhibit "G."

## II.  STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 91 L.Ed.2d 202, 106 S. Ct. 2505 (1986). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. Id. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. Id.

In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the non-moving party by extending any reasonable favorable inference to that party; in other words, "The nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" Hunt v. Cromartie, 526 U.S. 541, 552, 143 L.Ed.2d 731, 119 S. Ct. 1545 (1999) (quoting Liberty Lobby, 477 U.S. at 255). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Liberty Lobby, 477 U.S. at 250; Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 329-30 (3d Cir. 1995) (citation omitted).

## III.  ARGUMENT

The Plaintiff has alleged that Officer Brown falsely accused him of a crime which resulted in the Plaintiff being denied bail, being deprived of freedom, being subjected to unusual punishment, being denied justice, enduring a beating by an inmate which caused bodily harm, and the loss of potential employment as a result of being incarcerated. *See* a true and correct copy of the Plaintiff's 42 U.S.C. § 1983 Civil Rights Complaint attached hereto as Exhibit "A."

Officer Brown compiled a Statement of Charges against the Plaintiff dated 7/13/00, which indicates, in sum, that Officer Brown was dispatched to the Food Lion grocery store in Fruitland, Maryland, on June 18, 2000, where he spoke to the store manager Micah Payne. Micah Payne indicated that a person took a cart full of baby formula from the store without paying and when confronted the person removed the formula from the vehicle and then left in the vehicle bearing Maryland Registration No. 90317HD. On July 7, 2000, Officer Brown returned to the Food Lion and met with Micah Payne. Mr. Payne reviewed six photographs and pulled the photograph of Mark Baiamonte out indicating that Mr. Baiamonte was one of the people stealing the baby formula. *See* a true and correct copy of Statement of Charges attached hereto as Exhibit "B."

In <u>Forbes v. Township of Lower Merion</u>, 313 F.3d 144, 146 (3d Cir. 2002), the Court outlined qualified immunity stating:

> Qualified immunity insulates from civil liability government officials performing discretionary functions insofar as "their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638, 97 L.Ed.2d 523, 107 S. Ct. 3034 (1987). In assessing a claim of qualified immunity, we must review the law relevant to the official's behavior and ask whether the official could have believed that his or her actions were justified by law. *See Good v. Dauphin Cty. Soc. Sercs.*, 891 F.2d 1087, 1094 (3d Cir. 1989). The second part of this inquiry contains two components. To overcome the defense of qualified immunity, (1) the facts, "taken in the light most favorable to the party asserting the injury, [must] show the officer's conduct violated a constitutional right," *Saucier v. Katz*, 533 .S. 194, 201, 150 L.Ed.2d 272, 121 S. Ct. 2151 (2001), and (2) "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson*, 483 U.S. at 640.
>
> Qualifying immunity is defeated if an official "knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the [plaintiff], or if he took the action with the malicious intention to cause a deprivation of constitutional rights or other injury." *Wood v.*

–4–

>*Strickland*, 420 U.S. 308, 322, 43 L.Ed.2d 214, 95 S. Ct. 992 (1975). The doctrine aims to exclude "the plainly incompetent" and "those who knowingly violate the law" while accommodating reasonable "mistaken judgments." *Hunter v. Bryant*, 502 U.S. 224, 229, 116 L.Ed.2d 589, 112 S. Ct. 534 (1991) (citation and internal quotation marks omitted). If an official could have reasonable believed that his or her actions were lawful, the official receives immunity even if in fact the actions were not lawful.

Furthermore, qualified immunity is not a mere defense from liability, it is an **entitlement not to stand trial or face the other burdens of litigation.** Mitchell v. Forsyth, 472 U.S. 511, 526, 86 L. Ed. 2d 411, 105 S. Ct. 2806 (1985). It should be decided at the earliest possible stage in litigation. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 73 L. Ed. 2d 396, 102 S. Ct. 2727 (1982).

Here, it is clear that Officer Brown is afforded qualified immunity. Pursuant to his Statement of Charges, Officer Brown investigated an attempted crime and based on his investigation compiled the Statement of Charges. He felt there was probable cause, "facts and circumstances within the officer's knowledge sufficient to warrant a person believing" that a crime was committed, to compile the Statement of Charges. Beck v. Ohio, 379 U.S. 89, 91, 13 L. Ed. 2d 142, 85 S. Ct. 2223 (1964).

Officer Brown's behavior was justified and reasonable. His conduct did not violate a constitutional right of the Plaintiff and, therefore, the Plaintiff's Complaint must be dismissed with prejudice against Officer Brown.

Furthermore, Officer Brown's Application for a Statement of Charges against Mr. Baiamonte was reviewed by District Court Commissioner Dryden, who states that after review, she made a determination that probable cause existed for the arrest of Mr. Baiamonte.

**WHEREFORE**, Defendant Officer Matthew Brown respectfully requests this Court to enter the attached Order granting Summary Judgment in favor of the Defendant Officer Brown and dismissing Officer Brown with prejudice from the Plaintiff's Complaint.

    Respectfully submitted,

    MARGOLIS EDELSTEIN

    By: _____
        Carl J. DiCampli, Esquire
        Christopher J. Pakuris, Esquire

        The Curtis Center, Fourth Floor
        Independence Square West
        Philadelphia, PA  19106-3304
        (215) 922-1100

        Attorney for Defendant,
        Matthew E. Brown

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK ANTONY BAIAMONTE<br><br>v.<br><br>MATTHEW E. BROWN and<br>JAMES JANECKA and<br>DAVIS R. RUARK and<br>FOOD LION and<br>JANE DOES and JOHN DOES and<br>GEORGE W. HILL CORRECTIONAL FACILITY,<br>and OFFICE OF THE DISTRICT ATTORNEY,<br>DELAWARE COUNTY, PENNSYLVANIA | 2:02-CV-03567 |

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the foregoing Motion of Defendant, Matthew E. Brown, for Summary Judgment document has been served this __19th__ day of August, 2003, by first-class United States mail, postage pre-paid, addressed as follows:

Mark Anthony Baiamonte (#101123)
Allegheny County Jail
950 2nd Avenue
Pittsburgh, PA 15219
*Pro se*

Christopher R. Mattox, Esquire
Robert M. Diorio, Esquire
Diorio & Sereni, LLP
Front and Plum Streets
P.O. Box 1789
Media, PA 19063
Attorney for Defendant, Davis R. Ruark and
George W. Hill Correctional Facility

Kathleen Masterton, Esquire
Assistant Attorney General
Office of the Attorney General
State of Maryland
200 St. Paul Place
Baltimore, MD 21202
Attorney for Defendants, James Janecka,
Davis R. Ruark and C. D. Drydon

Robert P. DiDomenicis, Esquire
Holsten & Associates
One Olive Street
Media, PA 19063
Attorney for Defendant,
Office of the District Attorney,
Delaware County, Pennsylvania

                                                                                                     Carl J. DiCampli, Esquire