IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK ANTHONY BAIAMONTE | : |
| | : |
| | : |
| | : |
| v. | : |
| | : NO. 02-CV-3567 |
| | : |
| JAMES JANECKA; DAVIS R. RUARK; | : |
| MATTHEW E. BROWN, | : |
| et al | : |

**O R D E R**

AND NOW, this        day of                  , 2004, upon consideration of the Motion for Reconsideration of the Court's January 22, 2004, Order that was filed by defendants C.D. Dryden and Davis R. Ruark, it is hereby ORDERED and DECREED that said Order is vacated and summary judgment in favor of defendants, Matthew E. Brown, C. D. Drydon and Davis R. Ruark, is granted and entered.

 

_____
ANITA B. BRODY, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK ANTHONY BAIAMONTE | : |
| | : |
| v. | : NO. 02-CV-3567 |
| | : |
| JAMES JANECKA; DAVIS R. RUARK; MATTHEW E. BROWN, et al | : |

**MOTION FOR RECONSIDERATION OF THE COURT'S ORDER
OF JANUARY 22, 2004 AND REQUESTING THE ENTRY
OF JUDGMENT IN FAVOR OF DEFENDANTS,
MATTHEW E. BROWN, C.D. DRYDEN, AND DAVIS R. RUARK**

1.  This matter comes before the Court as an alleged civil rights matter for which Motions for Summary Judgment of defendants, Matthew E. Brown, C. D. Dryden and Davis R. Ruark, were filed with the Court between August 8-19, 2003. A true and correct copy of the Motion for Summary Judgment filed by defendants Dryden and Ruark is attached, with its exhibits, as Exhibit "1".

2.  Pursuant to Rule 7.1(c) the local Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania, plaintiff was required to respond to the Motions for Summary Judgment within 14 days.

3.  As evidenced by Certification of Service attached to defendants Dryden and Ruark's Motion for Summary Judgment, the entire motion of which is attached hereto as Exhibit "1", plaintiff was served a copy of defendants Dryden and Ruark's Motion for Summary Judgment on August 11, 2003, at "Allegheny County Jail, 950 2nd Avenue, Pittsburgh, PA 15219," by mail, postage prepaid.

4.  At no time since initiating the lawsuit did plaintiff, Mark Anthony Baiamonte, advise moving defendants he was no longer a resident of the Allegheny County Jail in Pittsburgh, PA.

5. On October 31, 2003 this Honorable Court entered an Order denying plaintiff's Motion for Emergency Relief and ordering the plaintiff to show cause by December 12, 2003 why Motions for Summary Judgment filed by the three defendants should not be granted. A true and correct copy of this Honorable Court's Order is attached and marked as Exhibit "2".

6. Moving defendants, Dryden and Ruark, never received a copy of plaintiff's Motion for Emergency Relief alluded to this Court's Order of October 31, 2003.

7. Moving defendants, Dryden and Ruark, has not received any pleadings, correspondence, motions, response to motions or a response to the October 31, 2003 Order to show cause from plaintiff.

8. The last communication, pleading, document or writing of any kind received by undersigned counsel from the plaintiff was a pleading received in an envelope stamped by the U.S. Post Office on November 5, 2002, which both the pleading and the envelope list the plaintiff's address as Allegheny County Jail, 950 2nd Avenue, Pittsburgh, PA 15219-3100.

9. The address to which the moving defendants mailed their Motion for Summary Judgement in service upon plaintiff is the only address moving defendants have ever been provided by plaintiff. Said address is the address on the Complaint, and on any and all Motions and correspondence received from the plaintiff.

10. Upon information and belief, defendant Davis Ruark did receive from plaintiff an unsolicited communication dated September 12, 2003, complaining that he still was being held in "the Allegheny County Jail," and giving as his address "ACJ, Pittsburgh, PA 15219." See copy attached as Exhibit "3". By plaintiff's own hand, one month after moving defendants filed and served their Motions for Summary Judgement, plaintiff's address remained the same as the address at which the moving defendants served him.

2

11. Moving defendants do not know when, or even if, the plaintiff was discharged from Allegheny County Jail, as said information has never been provided by any source to the moving defendants.

12. Moving defendants do not know if plaintiff was released or transferred after the Motion for Summary Judgment was sent to him at Allegheny County Jail. Since the Motion was not returned as undelivered it is assumed that the plaintiff received the same at jail or it was forwarded to him.

13. The plaintiff has not chosen to provide counsel for moving defendants copies of any motions, answers or communications of any type to the Court. Moving defendants are unaware of what information was provided to the Court that resulted in the issuance of the January 22, 2004 Order attached hereto and marked as Exhibit "3". In addition to being unaware of any factual information as to whether or not plaintiff actually received a copy of moving defendants' Motion for Summary Judgment, moving defendants did not have an opportunity to contest any factual or legal arguments made to the Court by the plaintiff with regards to plaintiff failing to respond to the Motion for Summary Judgment in the time set by local Rule of Civil Procedure 7.1(c).

14. This Motion for Reconsideration is being filed within local Rule of Civil Procedure 7.1(g).

15. Moving defendants aver that plaintiff did not respond to the Motion for Summary Judgment within the time permitted by the local Rules of Civil Procedure, since said Motion was sent to plaintiff's last known residence by First Class U.S. Mail and was not returned as undelivered due to the fact that the plaintiff has apparently intentionally failed to provide counsel in this case with copies of any replies, motions and communications either filed or sent to the Court. Therefore, moving defendants request that their Motion for Summary Judgment be granted.

WHEREFORE, for the reasons stated above, and as further stated in the "Memorandum of Law in Support of Motion for Reconsideration and the Entering of Summary Judgment" filed February 2, 2004, by defendant Matthew E. Brown, which defendants Dryden and Ruark join in and adopt, and incorporate herein by reference as though fully set forth herein, defendants Dryden and Ruark respectfully request this Court to enter the attached Order reconsidering this Honorable Court's Order of January 22, 2004 and grant summary judgment to the defendants, whose Motion for Summary Judgment has been outstanding for more than five (5) months, without the plaintiff having a response thereto.

Dated: February 2, 2004

Respectfully submitted,

J. JOSEPH CURRAN, JR.
Attorney General of Maryland

 s/ Kathleen Masteron
KATHLEEN J. MASTERTON
Assistant Attorney General
200 Saint Paul Place
Baltimore, Maryland 21202
410-576-7293

S/ John O.J. Shellenberger
John O.J. Shellenberger
Chief Deputy Attorney General
Office of the Attorney General
21 South 12th Street, 3rd Floor
Philadelphia, PA 19107-3603

Identification No. 09714

Attorneys for Defendants Dryden and Ruark

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK ANTHONY BAIAMONTE : | |
| : | |
| v. : | |
| : | NO. 02-CV-3567 |
| : | |
| JAMES JANECKA; DAVIS R. RUARK; : | |
| Dryden and Ruark, : | |
| et al : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing discovery document has been served this  2nd  day of February, 2004, by first-class United States mail, postage pre-paid, addressed as follows:

Mark Anthony Baiamonte
18 Stratton Avenue
Bordentown, NJ  08505

Robert M. Diorio
Diorio & Sereni, LLP
Front and Plum Streets
P.O. Box 1789
Media, PA 19063

Christopher J. Pakuris, Esquire
The Curtis Center, Fourth Floor
Independence Square West
Philadelphia, PA  19106-3304

Robert P. DiDomenicis, Esquire
Holsten & Associates
One Olive Street
Media, PA 19063

 s/ Kathleen J. Masterton
Kathleen J. Masterton