IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Mark Anthony Baiamonte,** | : | Civil Action |
| Plaintiff | : | #02-CV-3567 |
| vs. | : | JURY TRIAL DEMANDED |
| **James Janecka, Davis R. Ruark, Matthew E. Brown, George W. Hill Correctional Facility, Office of the District Attorney of Delaware County, Jane & John Doe's, C. D. Drydon and Food Lion** | : : : : : | |
| Defendants | | |

## ORDER

AND NOW, this _____ day of _____ 2004, upon consideration of Defendant's Motion to Dismiss Plaintiff's Complaint and Plaintiff's Answer, if any, thereto, it is hereby ORDRED and DECREED that: Plaintiff's Complaint as to Moving Defendant, Office of the District Attorney of Delaware County, is DISMISSED.

BY THE COURT:

_____
BRODY, ANITA                    J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Mark Anthony Baiamonte,** | : | Civil Action |
| Plaintiff | : | #02-CV-3567 |
| vs. | : | JURY TRIAL DEMANDED |
| **James Janecka, Davis R. Ruark, Matthew E. Brown, George W. Hill Correctional Facility, Office of the District Attorney of Delaware County, Jane & John Doe's, C. D. Drydon and Food Lion** | : : : : : | |
| Defendants | | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37**

Defendant, Delaware County D.A.'s Office, by and through its attorney, Robert P. DiDomenicis, Esquire, hereby moves this Honorable Court, pursuant to Federal Rule of Civil Procedure 37, to dismiss Plaintiff's Complaint for failure to appear at his deposition, and in support thereof, avers the following:

1. Plaintiff is proceeding *Pro Se* in this matter and on July 6, 2004 Defendant's counsel issued a Notice of Oral Deposition directed to the Plaintiff for a deposition to be held on Friday, July 16, 2004 at 10:00 a.m. A copy of said letter and the Notice of Deposition along with a Certificate of Service are attached hereto, made a part hereof and marked as Exhibit "A".

2. On July 16, 2004, Codefendant's counsel Christopher Pakuris, Esquire, was present along with the undersigned counsel and Plaintiff failed to appear for his deposition.

3. Counsel waited 35 minutes for Plaintiff to appear. Plaintiff did not call defense counsel or defense counsel's secretary to explain his absence.

4. On the day prior to the scheduled deposition, the secretary for Defendant's

counsel contacted the Plaintiff's home by telephone and spoke with his mother to remind him about the deposition. She provided Plaintiff's mother with the appropriate telephone number to contact Defendant's counsel's office in the event of a problem. At no time did Plaintiff contact Defendant's counsel or Defendant's counsel's secretary prior to the scheduled deposition. (See Affidavit of Michelle Quigley which is attached hereto, and made a part hereof and marked Exhibit "B").

5. Federal Rule of Civil Procedure 37(d) provides that this Honorable Court may enter an Order dismissing Plaintiff's Complaint for Plaintiff's failure to attend his own deposition.

6. For reasons set forth more fully in the attached Memorandum of Law, the Defendant respectfully requests that this Honorable Court dismiss Plaintiff's Complaint for failure to attend his own deposition in accordance with Federal Rule of Civil Procedure 37.

WHEREFORE, Moving Defendant, Delaware County District Attorney's Office, respectfully requests that this Honorable Court grant its Motion to Dismiss Plaintiff's Complaint, or, in the alternative, preclude Plaintiff from introducing evidence to support claims set forth in Plaintiff's Complaint to oppose defenses set forth in Defendant's Answer with Affirmative Defenses.

Respectfully submitted,

**HOLSTEN & ASSOCIATES**

DATE: _____   BY: _____
**ROBERT P. DIDOMENICIS, ESQUIRE**
**Attorney for Defendant Office of the District Attorney of Delaware County**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Mark Anthony Baiamonte,** | : | Civil Action |
| Plaintiff | : | #02-CV-3567 |
| | : | |
| vs. | : | **JURY TRIAL DEMANDED** |
| | : | |
| **James Janecka, Davis R. Ruark, Matthew** | : | |
| **E. Brown, George W. Hill Correctional** | : | |
| **Facility, Office of the District Attorney of** | : | |
| **Delaware County, Jane & John Doe's,** | : | |
| **C. D. Drydon and Food Lion** | : | |
| Defendants | | |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 37

**I.     PROCEDURAL HISTORY AND FACTS**

Plaintiff has filed a *Pro Se* Complaint against multiple Defendants in the above matter. Some of these Defendants have been dismissed by Order and at least one of these Defendants has entered into a settlement with Plaintiff. Plaintiff has alleged that the Moving Defendant, Delaware County District Attorney's Office, allegedly falsely imprisoned the Plaintiff.

Moving Defendant has served Plaintiff with Interrogatories, Expert Interrogatories, a Request for Production and Request for Admissions in February 2004. To date, Plaintiff has failed to respond to any of the discovery requests and Moving Defendant filed a Motion to Compel said discovery on July 6, 2004.

On or about July 6, 2004, Plaintiff's deposition was noticed for July 16, 2004 at 10:00 a.m. in the office of Defendant's counsel. Defendant's counsel's secretary left a message with Plaintiff's mother on the day before the deposition in order to confirm and remind Plaintiff of the deposition and received confirmation from at least two other attorneys that they had received the deposition notice and that the deposition would be proceeding.

On July 16, 2004 at 10:00 a.m. the undersigned Defendant's attorney was present along

with counsel for a Codefendant, Christopher Pakuris, Esquire, however, Plaintiff failed to appear at the appointed time and place for his deposition. Counsel waited for Plaintiff for approximately 35 minutes and Plaintiff never appeared. Plaintiff never attempted to contact counsel or counsel's secretary by telephone to explain his absence.

II.   **ARGUMENT**

Federal Rule of Civil Procedure 37 allows a party to move the Court to enter sanctions against a party who fails to cooperate in the discovery process. Specifically, F.R.C.P. 37(b) allows the party to move the Court to enter an Order "dismissing the action or proceeding or any part thereof" when a disobedient party fails to attend his own deposition.

Defendants noticed Plaintiff's deposition in accordance with the Federal Rules of Civil Procedure and provided Plaintiff with reasonable notice. Plaintiff failed to object or to otherwise seek a continuance or rescheduling of the deposition. Defendant's counsel and counsel for the Codefendant spent the time to prepare for and be present for the deposition and Moving Defendant's counsel has incurred the cost to provide for a court reporter for the deposition. At all times material hereto, Moving Defendant complied with the Federal Rules of Civil Procedure in scheduling the Plaintiff's deposition.

Since Plaintiff has refused to be deposed and has not offered any reasonable explanation for his failure to appear, appropriate sanctions under F.R.C.P. 37 are appropriate. It should also be noted that the Court has previously entered a Scheduling Order providing for discovery and a completion of that discovery by July 23, 2004. Plaintiff has been well aware of the Court's deadlines and yet he has chosen not to cooperate in the discovery process. In the alternative, Defendant would respectfully request that the Plaintiff be prohibited from producing evidence in support of his claims or producing any evidence to oppose the defenses offered by the Moving

Defendant.

### III. <u>CONCLUSION</u>

For the above stated reasons, Moving Defendant respectfully requests that Plaintiff's Complaint be dismissed or, in the alternative, that appropriate sanctions be entered prohibiting Plaintiff from introducing evidence for the claims set forth in his Complaint against the Moving Defendant and prohibiting Plaintiff from producing evidence with respect to the defenses to be pursued by the Moving Defendant.

    Respectfully submitted,

    **HOLSTEN & ASSOCIATES**


BY: _____
    **ROBERT P. DiDOMENICIS, ESQUIRE**
    **Attorney for Defendant Office of the District Attorney**
    **of Delaware County**

## CERTIFICATE OF SERVICE

**I, Robert P. DiDomenicis, Esquire,** counsel for Defendant Office of the District Attorney of Delaware County, hereby states that a true and correct copy of the within Motion to Dismiss Plaintiff's Complaint Pursuant to F.R.C.P. 37 and Memorandum of Law in support of same was served via electronically or by U.S. First Class Mail this 19th day of July 2004:

Mark Anthony Baiamonte, *Pro Se*
18 Stratton Avenue
Bordentown, NJ  08505

Kathleen J. Masterton, Esquire
Office of the Attorney General
200 Saint Paul Place
Baltimore, MD  21202-2021

Christopher Pakuris, Esquire
Margolis Edelstein
The Curtis Center – Fourth Floor
Independence Square West
Philadelphia, PA  19106

Kathleen E. Mahoney, Esquire
21 West Front Street
PO Box 1789
Media,  PA  19063

        Respectfully submitted,
        **HOLSTEN & ASSOCIATES**

BY: _____
        **ROBERT P. DiDOMENICIS, ESQUIRE**
        **Attorney ID No.:  30482**
        **One Olive Street**
        **Media, PA  19063**
        **610-566-8800**
        **Attorney for Defendant Office of the District**
        **Attorney of Delaware County**