**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Mark Anthony Baiamonte,         :
:
       Plaintiff          :
:
        v.             :     NO. 02-3567
:
Delaware County D.A.'s Office, et al.,  :
:
       Defendants      :

**<u>EXPLANATION AND ORDER</u>**

On August 29, 2002, pro se plaintiff Mark Anthony Baiamonte filed this complaint against defendants James Janecka, Catherine Drydon, Davis R. Ruark, Matthew Brown, the George W. Hill Correctional Facility, the Office of the District Attorney in Delaware County, and Food Lion. On April 18, 2003, defendant Food Lion was dismissed from this case. On March 23, 2004, defendants Drydon, Ruark, and Brown were dismissed from this case when their motions for summary judgment were granted because of plaintiff's failure to respond to the motions. On August 23, 2004, defendants James Janecka and the George W. Hill Correctional Facility were dismissed from this case when the issues among those parties were settled pursuant to Rule 41.1(b). Sole remaining defendant, Office of the District Attorney of Delaware County, now moves to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 37.

On July 6, 2004, moving defendant's counsel, Robert DiDomenicis, issued a Notice of Oral Deposition directing plaintiff to appear for a deposition on July 16, 2004. On July 15, 2004, Mr. DiDomenicis' secretary, Michelle Quigley, telephoned plaintiff's home to remind him about

the deposition.  (Affidavit of Michelle Quigley, attached.)  Ms. Quigley spoke with plaintiff's mother and advised her that the deposition was still scheduled for July 16, 2004, and that plaintiff should contact defendant's counsel's office with any questions.  Id.  Mr. DiDomenicis avers that plaintiff never contacted him prior to the time of the scheduled deposition.  Id.  Plaintiff failed to appear for his deposition.

In addition, plaintiff has failed to respond to defendant's motion to compel discovery filed on July 6, 2004 (Docket #65).  This motion avers that, on February 11, 2004, defendant served plaintiff with expert interrogatories, interrogatories, request for production and request for admissions.  Plaintiff did not respond within the thirty days required.  On March 26, 2004, Mr. DiDomenicis sent plaintiff a letter seeking immediate responses.  During the week of April 12, 2004, Mr. DiDomenicis telephoned plaintiff and again requested that he respond to the discovery.  Plaintiff never responded to these discovery requests.

On August 13, 2004, I ordered plaintiff to show cause by August 23, 2004 why defendant Office of the District Attorney of Delaware County's motion to dismiss should not be granted (Docket #69).  Plaintiff has not responded to that order.

Federal Rule of Civil Procedure 37(d) provides that, "[i]f a party. . . fails. . . to appear before the officer who is take the deposition, after being served with a proper notice. . . the court in which the action is pending on motion may make such orders in regard to the failure as are just."  Fed. R. Civ. P. 37(d).  In addition to plaintiff's failure to appear at his deposition, he has proven delinquent in his pursuit of this litigation by failing to respond to several motions, orders and discovery requests.  In light of plaintiff's apparent refusal to diligently participate in this case, it would not be "just" to require moving defendant to continue litigating it.

## O R D E R

**AND NOW**, this          day of August, 2004, defendant Office of the District Attorney of Delaware County's motion to dismiss plaintiff's complaint (Docket #67) is **GRANTED**. Plaintiff's claims against defendant Office of the District Attorney of Delaware County are **DISMISSED** with prejudice.  The Clerk's Office shall mark this case closed for statistical purposes.

_____
ANITA B. BRODY, J.

Copies **FAXED** on _____ to:      Copies **MAILED** on _____ to:

O:\ABB\dismiss Delaware DA.wpd